**William H. LAMBERT and Kenneth W. Lee**

v.

**The UNITED STATES.**

No. 377–83C.

United States Claims Court.

Jan. 6, 1984.

Jack B. Solerwitz, Mineola, N.Y., for plaintiffs.

M. Susan Burnett, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

OPINION

REGINALD W. GIBSON, Judge:

Plaintiffs filed a joint complaint in this court on June 27, 1983, premising jurisdiction on the Tucker Act, 28 U.S.C. § 1491, seeking back pay and other related benefits for a period commencing prior to their federal employment. However, prior to the foregoing, the parties instituted litigation, on the claims filed in this case, under the Federal Tort Claims Act in the United States District Court for the District of Columbia on November 5, 1981.[1] Because plaintiffs failed to timely file the required jurisdictional claim with the appropriate agency, the District Court dismissed with prejudice the Federal Tort Claims allegation. Additionally, inasmuch as plaintiffs had also presented Tucker Act claims in the District Court action exceeding the $10,000 jurisdictional limit, that court also dismissed said claims, without prejudice, and

---

1. Civil Action No. 81–2671, Complaint Federal · Tort Claim Action.

transferred that portion of the complaint to the United States Claims Court by order dated May 18, 1983.

In response, defendant moves for an order granting summary judgment and dismissal of the complaint on the grounds that (1) it fails to state a claim upon which relief can be granted, and (2) it is barred by the six-year statute of limitations, 28 U.S.C. § 2501. Inasmuch as this case must be dismissed based on the first contention, it is not necessary to reach the second.

## FACTS

William H. Lambert and Kenneth W. Lee, plaintiffs herein, are presently employed by the Drug Enforcement Administration (DEA). Each plaintiff apparently became employed by the DEA, after his respective cause of action arose. For purposes of clarity, the facts with respect to each complainant will be discussed separately.

*William H. Lambert:*

Count I alleges, *inter alia,* that on or about February 20, 1974, plaintiff applied to the DEA for employment, which application was received on or about March 1, 1974. Plaintiff's name was subsequently included on the Civil Service Mid Level Register (No. 660370, as part of Certificate 40780 in Houston, Texas) on or about April 1974, which circumstances reflected his eligibility for government employment. Additionally, a background investigation completed on or about July 9, 1974, found plaintiff to be highly qualified for employment.

Plaintiff avers in paragraph 9 of the amended complaint that on May 31, 1974, "due solely to the negligence of the DEA, its agents and employees, DEA removed or caused to be removed, LAMBERT'S name from the said Register on the grounds that he had been appointed by the DEA to a position." In truth and in fact, plaintiff was not appointed to any position with the DEA prior to July 24, 1978. The removal of

plaintiff's name from the Register precluded consideration of plaintiff by the DEA for employment. During this same time, in May 1974, plaintiff further avers that, in reliance on the fact that he was "orally assured" of a position by the DEA officials, he retired from the U.S. Army.

On or about October 1, 1974, the error, *i.e.,* that Lambert had been appointed to a position by the DEA on May 31, 1974, was corrected; however, his name was not restored to the Civil Service Register certificate (No. 41774) until December 19, 1974.

Once again, in January, 1975, "due solely to the negligence of DEA," plaintiff contends that DEA removed his name from said Register "on the grounds that he had been appointed by DEA to a position on or about December 19, 1974." At that time, plaintiff still had not in fact been appointed to any position by DEA, and the effect of both removals was that they obviated any consideration of Lambert's application for appointment by any federal agency, including DEA.[2]

On July 24, 1978, Lambert was finally appointed to the position for which he was initially considered in 1974, as a criminal investigator, following his complaint filed with the DEA.

Lambert avers that due to the "willful" and "wanton" action of defendant in disregarding applicable laws, rules, and regulations, "he lost seniority, pay, benefits, entitlements . . . in an amount not less than $75,000.00, and future losses in an amount . . . not less than $100,000.00." He therefore seeks an order awarding damages in the amount of $175,000, and a recomputation of service benefits as of May 31, 1974, including "all benefits and entitlements, backpay, or the like commensurate with the said service computation date."

*Kenneth W. Lee:*

Pursuant to a request by the DEA on August 5, 1974, the Civil Service Commis-

---

**2.** Thereafter, in August 1976, Lambert was advised that as of April 1976, his two-year period of eligibility on the Register had expired. In September 1976, he was further informed that because his age then exceeded 35 years, he could no longer be considered for employment by DEA or any other federal agency as a criminal investigator.

sion (CSC) submitted and certified to it a list of eligibles for the position of Criminal Investigator. Said list of eligibles submitted to the DEA on August 9, 1974, included the requested name of plaintiff Lee, among the four, of which Lee was ranked the highest. On August 13, 1974, the DEA advised the CSC, by the return of a certification, that it had "selected" Lee. This assertion was untrue, in that he was not selected on said date. As a consequence of the removal, Lee was precluded from further employment consideration by other federal agencies. It was not until approximately 13 months later, on September 7, 1975, that Lee was in fact appointed to a position with the DEA.

Lee avers that because of the 13-month delay in hiring him, *supra,* he was likewise injured and damaged to the extent that he was deprived of seniority, pay, benefits, etc. He therefore demands an order recomputing his service date to be August 13, 1974 (rather than September 7, 1975), and an award of "all benefits and entitlements, backpay, or the like commensurate with the said service computation date," plus damages of $110,000.

Defendant, in view of the foregoing, motions for an order granting it a summary judgment and a dismissal of the complaint on the grounds that (1) any action complained of herein is forever barred by 28 U.S.C. § 2501; and (2) the amended complaint fails to state a claim upon which relief can be granted in that (a) plaintiffs were not entitled to the benefits of employment until they became "employees" within the meaning of 5 U.S.C. § 2105(a); and (b) the complaint sounds in tort, and consequently is not within the purview of 28 U.S.C. § 1491(a)(1).

It is clear to the court that plaintiffs have failed to state a claim upon which relief can be granted because they were not "employees" within the meaning of 5 U.S.C. § 2105(a) during the period for which relief is sought. This circumstance therefore makes it unnecessary to reach the issues of whether plaintiffs' claims are barred by the statute of limitations or sound in tort.

## DISCUSSION

Plaintiffs' claims for backpay, benefits, and entitlements commencing as of the alleged service computation dates are predicated entirely upon the Back Pay Act, 5 U.S.C. § 5596 (1982), which authorizes the retroactive recovery of "pay, allowances, or differentials" whenever a federal employee has "been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of" the compensation to which the employee is otherwise entitled. A prerequisite to any recovery under the Back Pay Act, therefore, is that a claimant thereunder must qualify during such period as an "employee," which is defined in the United States Code as a person who is:

(1) appointed in the civil service by one of the following acting in an official capacity—

\*       \*       \*       \*       \*       \*

(D) an individual who is an employee under this section;

\*       \*       \*       \*       \*       \*

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

5 U.S.C. § 2105(a) (1982). This statutory language indicates clearly that three events must have occurred before a person can be classified as an "employee": appointment by an authorized federal employee or officer; performance of a federal function; and supervision by a federal employee or officer. *Costner v. United States,* 229 Ct.Cl. 87, 665 F.2d 1016, 1020 (1981); *Baker v. United States,* 222 Ct.Cl. 263, 268, 614 F.2d 263 (1980).

In the case at bar, plaintiffs Lambert and Lee readily concede that they were not "appointed" to a position by the DEA until July 24, 1978, and "on or about September 7, 1975," respectively. Premised on the admissions of the parties, plaintiffs ob-

viously could not have been performing a federal function or under the supervision of a federal officer until these dates, and plaintiffs do not even make an allegation to the contrary. Thus, it is indisputable that during the periods at issue in this lawsuit, none of the statutory requirements for the classification of either plaintiff as an "employee" entitled to protection under the Back Pay Act were met. *Cf. Costner,* 665 F.2d at 1020–21; *Baker,* 222 Ct.Cl. at 268, 614 F.2d 263 (lack of formal appointment alone, despite performance of federal functions and federal supervision, sufficient to disqualify plaintiff as an "employee" under 5 U.S.C. § 2105).

Plaintiffs contend, nevertheless, that because they both were "clear[ly] . . . affected by unjustified—actually fraudulent— personnel actions which resulted in their not receiving any of the pay to which they were entitled," and because they became federal employees after the errors they allege were corrected, they qualify for relief under the Back Pay Act. This contention is totally without foundation. It is well settled that:

> Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of a federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless . . . that basis "in itself can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."

*United States v. Testan,* 424 U.S. 392, 401– 02, 96 S.Ct. 948, 954–955, 47 L.Ed.2d 114 (1976); *quoting Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002 (1967).

This court does not interpret the Back Pay Act as providing such a mandate under the facts alleged here. Whatever ambiguity might exist under the language of the Act as to whether it was intended to cover claims by future employees against the improper denial of employment is resolved by the statute's legislative history, which states in pertinent part that:

> [Section 5596] does not prescribe the specific types of personnel actions covered. Separations, suspensions, and demotions constitute the great bulk of cases in which employees lose pay or allowances, but other unwarranted or unjustified actions affecting pay or allowances could occur in the course of reassignments and change from full-time to part-time work.

S.Rep. No. 1062, 89th Cong., 2d Sess. 3 (1966), U.S.Code Cong. & Admin.News 1966, pp. 2097, 2099. Significantly, Congress nowhere therein indicated its intent to include claims under the Back Pay Act by individuals who subsequently became employees in instances where their employment was unjustly delayed. Hence, the Supreme Court held in *Testan* that:

> [There is no] reason for doubting that the Back Pay Act, as its words so clearly indicate, was intended to grant a monetary cause of action *only to those who were subjected to a reduction in their duly appointed emoluments or position.* (Emphasis added.)

424 U.S. at 407, 96 S.Ct. at 957. *See Holmes v. United States,* 3 Cl.Ct. 521, 523 (1983) (claim of wrongful denial of re-employment dismissed because plaintiff was *applicant* for employment, not employee whose compensation was reduced). Because plaintiffs did not have any "duly appointed emoluments or position" with the DEA at the time of the accrual of their cause of action, their claim for relief under the Back Pay Act is without basis and is hereby denied. Plaintiffs' complaint shall therefore be dismissed.

IT IS SO ORDERED.