**Louise J. HAMLET, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 281–86C.

United States Claims Court.

Jan. 6, 1988.

Alexander W. Bell, Lynchburg, Va., for plaintiff; Bell, Morrison & Spies, of counsel.

Howard Lipper, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

ROBINSON, Judge.

### Introduction

This claim for damages and injunctive relief is before the Court on the defendant's motion to dismiss the complaint for lack of jurisdiction pursuant to Rule 12 of the RUSCC. The motion alleges that dismissal is required because (i) the plaintiff's claims for damages are beyond the jurisdiction of the Claims Court, and (ii) the plaintiff's complaint fails to state a claim upon which relief may be granted under the Back Pay Act. Both allegations in the motion are meritorious. The defendant's motion is granted and the plaintiff's motion to transfer the case to a district court is denied for the reasons discussed herein.

### Facts

Plaintiff, Ms. Louise J. Hamlet, was employed as a County Program Assistant in the Charlotte County, Virginia, Agricultural Stabilization and Conservation Service ("ASCS"), from November 19, 1956, until her removal on November 4, 1985.

Upon receiving complaints concerning irregularities in the flue-cured tobacco lease and transfer program administered through the Charlotte County ASCS office, the Office of the Inspector General, United States Department of Agriculture

("USDA") initiated an investigation. These complaints alleged that Ms. Hamlet had "shown favortism to certain individuals" and had "acted as a third party in arranging leases." The Inspector General's Office concluded that:

1. According to witness statements, a review of available records, and HAMLET'S statement, she acted as an agent, broker, or finder and negotiated tobacco quota leases and sales for the benefit of herself, her son, or other tobacco producers.

2. According to witness statements, a review of available records, and HAMLET'S statement she post-dated, backdated, or otherwise changed tobacco leases. HAMLET has signed her son's name to tobacco leases.

3. According to information furnished by witness statements and HAMLET'S statement she has engaged in partisan political activities.

Based upon the findings of the Inspector General's Office, the ASCS initiated a removal action against Ms. Hamlet in accordance with USDA regulations codified at 7 CFR §§ 7.29–.34 and relevant ASCS regulations. The removal proceedings afforded Ms. Hamlet a full opportunity to respond to the charges, including an administrative appeal. That appeal gave consideration to evidence adduced by Ms. Hamlet. (Def. App. at 1). Ms. Hamlet's removal became final on or about November 4, 1985. (Comp. ¶ 18)

By complaint filed May 5, 1986, in this Court, Ms. Hamlet seeks monetary damages and injunctive relief. She alleges that she is entitled to relief in this Court under the Tucker Act, 28 U.S.C. § 1491, the First and Fifth Amendment to the United States Constitution, and the USDA's regulations and policy manuals promulgated pursuant to 16 U.S.C. §§ 590D–590H(b) and ASCS's Personnel Policy Manual 22–PM (Rev. 1), Section 4—Removal for Cause (Exhibit A to Petition). The complaint also states that since the state law claim alleged in the complaint is derived from the same nucleus of operative fact as the federal claims, this Court should exercise pendant jurisdiction over the state claims. The complaint, in summary, seeks plaintiff's reinstatement, back pay, benefits, step increases, interest, and other damages and benefits as though her service had remained unbroken, expunging of all references to and reflections of her wrongful discharge and modification of her records to show continuous satisfactory service from the date of her discharge to the time of her restoration to her position. The total damages sought by Ms. Hamlet are $250,000 plus attorneys fees and court costs.

*Discussion*

This Court's jurisdiction is set forth in the Tucker Act, as codified at 28 U.S.C. § 1491 (1982). In pertinent part § 1491(a)(1) states:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

■ However, the Tucker Act does not create any substantive right enforceable against the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983). To recover, a party must demonstrate that the basis for its substantive rights exists in some other source of law such as the Constitution, or Act of Congress or executive department regulation. *Id.* Furthermore, the violation of the substantive right at issue must be fairly interpreted as mandating the payment of compensation from the Federal Government to allow recovery of money damages. *Id.* at 218, 103 S.Ct. at 2968; *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967); *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975).

It follows from the jurisdiction of the Court that a complaint before the Court must include:

A clear citation of the Act of Congress, regulation of an executive department or agency, or Executive order of the President, where the claim is founded upon such an act, regulation, or order. RUSCC 9(h)(2).

Thus, the issue is whether Ms. Hamlet has identified any law, rule, or regulation which provides a right to recover damages from the United States for her allegedly improper removal. The Court finds that she has not.

■ Ms. Hamlet's complaint seeks relief under the First Amendment and the due process clause of the Fifth Amendment of the Constitution. However, the First Amendment does not provide a basis for relief under the Tucker Act. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir.1983). Further, it is well established that the due process clause provides no basis for relief in the Claims Court. *Inupiat Community of the Arctic Slope v. United States*, 230 Ct. Cl. 647, 662, 680 F.2d 122, 132 (1982); *Mack v. United States*, 225 Ct. Cl. 187, 192, 635 F.2d 828, 832 (1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). Thus, this Court lacks jurisdiction over Ms. Hamlet's First and Fifth Amendment claims as Ms. Hamlet has not demonstrated that a violation of either Constitutional provision mandates the payment of compensation from the Federal Government.

■ On brief, Ms. Hamlet argues that she has a right to redress of her grievances in this Court pursuant to the Back Pay Act. The Back Pay Act provides a remedy for a federal employee who has been affected by an "unjustified or unwarranted personnel action." 5 U.S.C. § 5596(b)(1). An "employee" for purposes of the Back Pay Act is an individual who satisfies the elements set forth in 5 U.S.C. § 2105(a). *Lambert v. United States*, 4 Cl. Ct. 303, *aff'd*, 746 F.2d 1490 (Fed.Cir.1984). Thus, "employees" are individuals who are:

(1) appointed in the civil service by one of the following acting in an official capacity ...
(a) The President;
(b) a Member or Members of Congress, or the Congress;
(c) a member of a uniformed service;
(d) an individual who is an employee;
(e) the head of a Government controlled corporation;
(f) an adjutant general designated by the Secretary concerned under Section 709(c) of Title 32;
(2) engaged in the performance of a Federal function under authority of law or an Executive; and
(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

All three elements must exist for an individual to be classified as an employee. *Horner v. Acosta*, 803 F.2d 687 (Fed.Cir. 1986); *Costner v. United States*, 229 Ct. Cl. 87, 665 F.2d 1016 (1981); *Lambert*, 4 Cl. Ct. at 305.

Ms. Hamlet contends that she was an "employee" of the United States. She asserts that she was both an "individual employed in or under an agency," 5 U.S.C. § 5102(a)(2), and an "employee of an agency" within the meaning of the Back Pay Act, 5 U.S.C. § 5596(b)(1). Specifically, she claims she was employed by the United States Department of Agriculture, which is an "executive department" and an "executive agency" of the United States Government. Her job number, as set by the USDA, was SJH004, and her pay grade, as set by the USDA, was CO–4, step 9. Her salary increases were in accordance with the General Schedule Rates established under 5 U.S.C. § 5332. In addition, she participated in the Civil Service Retirement System. However, Ms. Hamlet has failed to address the fact that 5 U.S.C. § 2105 controls the definition of employee in Title 5, "except as otherwise provided by [§ 2105] or when specifically modified." The Court does not find that either 5 U.S.C. § 5102 or 5 U.S.C. § 5596 has specifically modified the definition of employee in 5

U.S.C. § 2105. Thus, the central issue is whether Ms. Hamlet's employment resulted from an appointment by an individual who was a federal employee, which would bring her within the provisions of the Back Pay Act.

In Ms. Hamlet's county in Virginia, any person having an interest in a farm is eligible to vote for the members of the ASCS community committee. 7 CFR § 7.5 (1985). In turn, these community committee members serve as delegates to a county convention, at which the county committee members are elected. 7 CFR §§ 7.11(a), 7.12. The county committee employs the county executive director, who serves at the pleasure of the county committee, 7 CFR § 7.21(b), and is responsible for carrying out the policies established by the county committee. 7 CFR § 7.26(a). The county executive also hires clerical and other personnel. This individual is the one who hired or retained Ms. Hamlet as a County Program Assistant, a position in the county office. 7 CFR § 7.26(b).

Based upon these facts, no employee hired by the county executive can demonstrate that he or she was appointed by an individual who is an employee under 5 U.S.C. § 2105(a). *Norday v. Dept. of Agriculture, ASCS*, No. SLO7528210231 (MSPB Oct. 19, 1982), Def.App. at 12; *Meland v. Dept. of Agriculture*, No. DE03518020043 (MSPB August 4, 1980), Def.App. at 18.

The *Meland* case is factually very similar to this case. In *Meland*, the appellant was a Reporter, Wool and Price Support Clerk with the Cascade County ASCS office in Great Falls, Montana. The Board noted that the appellant received a government check, his salary increases were in conformity with the Federal Employees Pay Comparability Act of 1970, that ASCS employees participate in the civil service retirement program, and that ASCS runs its programs in accordance with USDA regulations. However, the Board concluded that because the appellant had not received an appointment from an official who met the definition of employee under 5 U.S.C. § 2105, the appellant, Mr. Meland, was not

an employee for purposes of this section either.

Since Ms. Hamlet's position came about through appointment by an Executive Director who was not himself a federal employee, Ms. Hamlet is also not an employee under the provisions of 5 U.S.C. § 2105(a)(2)(D). Thus, she is not entitled to any relief under the provisions of the Back Pay Act. *Meland v. Dept. of Agriculture, supra*.

Ms. Hamlet further contends that absent the remedy sought in this Court, she would have no remedy whatsoever against the United States for her allegedly wrongful discharge. The fact that she is not a civil service employee within the meaning of 5 U.S.C. § 2105(a) means that she has no right of redress for her allegedly wrongful discharge through the schemes of administrative and judicial remedies established by the Civil Service Reform Act. *See*, 5 C.F. R. § 6.4. Nor does Ms. Hamlet have recourse to the Merit Systems Protection Board. *See, Pavao v. Merit Systems Protection Board*, 762 F.2d 988 (Fed.Cir.1985). Ms. Hamlet relies on *Fausto v. United States*, 791 F.2d 1554 (Fed.Cir.1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 872, 93 L.Ed.2d 827 (1987), as support for her position that the Claims Court must accept jurisdiction over her claims lest she "be left in the anomolous position of having a right without a remedy." Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss at 7. The Court finds, though, that *Fausto* is inapposite to Ms. Hamlet's claims.

In *Fausto*, the Court of Appeals for the Federal Circuit held that a plaintiff who is accorded no right of redress by appeal to the Merit Systems Protection Board under the Civil Service Reform Act may bring his claim to the Claims Court pursuant to the Court's Tucker Act/Back Pay Act jurisdiction. However, in *Fausto*, the plaintiff met the definition of "employee" set out in 5 U.S.C. § 2105(a). Thus, he was able to identify an underlying statute, the Back Pay Act, which according to the Federal Circuit entitled him to monetary compensation from the United States and, therefore,

satisfied the jurisdictional requirements of the Tucker Act. Ms. Hamlet, though, is not an "employee" as defined in Title 5 for purposes of the Back Pay Act. Nor has Ms. Hamlet identified any other provision of law which entitles her to money damages from the United States. The Court finds, therefore, that she has failed to show Tucker Act jurisdiction in this Court. Thus, the Court is precluded from hearing any of Ms. Hamlet's claims.

▪ Ms. Hamlet alleges on brief that she had an express or implied employment contract with the United States Government which was demonstrated, *inter alia,* by the agency rules set out in the complaint. She contends that such rules can and do give rise to suits against an employer, citing *Barger v. General Electric,* 599 F.Supp. 1154 (W.D.Va.1984) and *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980).

The defendant counters that the federal employment relationship is statutory and not contractual. *Riplinger v. United States,* 695 F.2d 1163 (9th Cir.1983); *Kania v. United States,* 227 Ct. Cl. 458, 650 F.2d 264, *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981). Thus, the defendant argues, that although a remedy for the breach of an implied-in-fact contract in the employer/employee relationship may exist in the private sector, as demonstrated by the cases cited by Ms. Hamlet, a federal employee has no right against the United States under an implied contract theory.

The defendant's argument is correct with respect to the non-existence of an express or implied employment contract. The Federal employment relationship is governed by statute and regulations. *Urbina v. United States,* 192 Ct. Cl. 875, 428 F.2d 1280 (1970). The Court finds that Ms. Hamlet had neither an express nor implied contract with the United States as a result of her employment with the Charlotte County ASCS.

▪ It requires no lengthy analysis to dispose of Ms. Hamlet's claim for damages arising from the alleged intentional infliction of emotional distress. This Court simply has no jurisdiction over any such tort claim against the United States. 28 U.S.C. § 1491(a)(1). Thus, Ms. Hamlet's request that the Court consider her tort claim as a pendant claim over which jurisdiction may be extended must be denied because of the Court's jurisdictional limits as defined in the Tucker Act. *E.g., L'Enfant Plaza Properties, Inc. v. United States,* 227 Ct.Cl. 1, 645 F.2d 886 (1981).

▪ Finally, Ms. Hamlet requests that this Court transfer that portion of her claims which is beyond this Court's jurisdiction to the appropriate Federal District Court. In support of her requested transfer, she cites 28 U.S.C. § 1631 which provides for the transfer of an action to any other Federal Court before which the action could have been brought at the time it was filed in the Claims Court. The defendant opposes the transfer contending that none of Ms. Hamlet's claims could have been brought before any other Federal Court. Specifically, the defendant asserts she has no right to a transfer of her back pay claims since no other such court had jurisdiction over her claims at the time they were filed in this Court. Thus, the plaintiff would suffer from the same jurisdictional defects in the District Court as she does here. Under this circumstance it would not be in the interest of justice to transfer this case. Further, the defendant argues that Ms. Hamlet has no right to transfer of her tort claim since she has not shown that she has exhausted her administrative remedies, a prerequisite to commencing a tort action under the provisions of the Federal Tort Claims Act. 28 U.S.C. § 2675. The Court agrees and finds that Ms. Hamlet's request for transfer of her claims must be denied. *Id.*

*Conclusion*

The plaintiff's claims for monetary damages are beyond the jurisdiction of this Court. Further, the complaint fails to state a claim upon which relief can be

granted under the Back Pay Act or any other similar act, law, rule, or regulation. Therefore, the Court grants the defendant's motion to dismiss. The plaintiff has failed to show that any of her claims could have been brought before another court at the time of filing of her complaint in this Court. In the interests of justice, no transfer of her claims should be made. Therefore, the Court denies plaintiff's motion to transfer such claims to a Federal District Court. The Clerk will dismiss the complaint. Each party shall bear its own costs.

IT IS SO ORDERED.