Louise J. **HAMLET**, Plaintiff–Appellant,

v.

The **UNITED STATES**, Defendant–Appellee.

No. 88–1274.

United States Court of Appeals, Federal Circuit.

April 27, 1989.

Alexander W. Bell, of Bell, Morrison & Spies, Lynchburg, Va., argued, for plaintiff-appellant.

Howard Lipper, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief, were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before NEWMAN, ARCHER and MICHEL, Circuit Judges.

ARCHER, Circuit Judge.

Louise J. Hamlet appeals from the judgment of the United States Claims Court, *Hamlet v. United States*, 14 Cl.Ct. 62 (1988), dismissing her complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted under Rule 12(b)(1) and (4), Rules of the United States Claims Court (RUSCC).[1] We vacate and remand.

I

Hamlet was employed as a program assistant in the United States Department of Agriculture (USDA), Agricultural Stabilization and Conservation Service (ASCS) office in Charlotte County, Virginia until her removal on November 4, 1985. She was not employed directly by the USDA, but was employed by a county committee founded and acting under the ASCS pursuant to 16 U.S.C. § 590h (1982 & Supp. IV 1986). The parties agree that Hamlet's employment status is not governed by the general civil service provisions of Title 5 and that she is not an "employee" as defined in 5 U.S.C. § 2105 (1982). Instead, Hamlet's employment is governed by the ASCS Personnel Policy Manual 22–PM (Rev. 1) attached to her complaint.

The ASCS initiated the removal action against Hamlet following an investigation by the USDA Inspector General and the determination by ASCS based on that investigation that she had violated ASCS political activity and conflict of interest restrictions. After exhausting all administrative avenues of relief without success, Hamlet filed suit in the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982). As relevant to this appeal, she claimed that her removal (1) violated her rights under the First and Fifth Amendments to the United States Constitution, (2) breached her employment contract, and (3) did not comply with the rules and regulations of the USDA and the ASCS' Personnel Policy Manual 22–PM (Rev. 1). The relief sought included reinstatement and back pay.

The government moved to dismiss the complaint on the grounds that Hamlet had not stated a claim on which relief could be granted and that the Claims Court lacked subject matter jurisdiction. The Claims Court granted the government's motion and dismissed each of Hamlet's counts. It determined that Hamlet's claims under the First and Fifth Amendments did not provide a basis for relief under the Tucker Act, 28 U.S.C. § 1491 (1982), because she had not demonstrated that "a violation of either constitutional provision mandates the payment of compensation from the Federal Government." *Hamlet*, 14 Cl.Ct. at 65. The court rejected Hamlet's employment contract count holding that the Federal employment relationship is governed by statute and regulations, and that her employment with the ASCS was not by express or implied contract. *Id.* at 67. Finally, her regulatory count was rejected by the court on the basis that she was not an employee under the provisions of 5 U.S.C. § 2105(a) (1982) and accordingly was not entitled to any relief under the Back Pay Act. *Hamlet*, 14 Cl.Ct. at 65–67.

II

A. Whether the Claims Court's dismissal for want of subject matter jurisdiction under RUSCC 12(b)(1) was properly granted is a question of law. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (concerning Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP), comparable to RUSCC 12(b)(1)); *Air Prods. and Chems. v. Reich-*

---

1. The Claims Court also denied Hamlet's motion to transfer the case to the United States District Court pursuant to 28 U.S.C. § 1631 (1982).

*Hamlet*, 14 Cl.Ct. at 68. Because our decision remands the case to the Claims Court, we need not consider Hamlet's appeal of this issue.

*hold Chems.,* 755 F.2d 1559, 1562 (Fed. Cir.), *cert. denied,* 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). To the extent jurisdictional facts are in dispute, however, the findings of fact are reviewed for clear error. *See Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988). Dismissal because a cause of action has not been stated, *see* RUSCC 12(b)(4) and FRCP 12(b)(6), is similarly a question of law. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).[2] In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686. The complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Under the Tucker Act, 28 U.S.C. § 1491 (1982), the United States has given its limited consent to be sued in the Claims Court "upon any claim ... founded either upon the Constitution, ... or any regulation of an executive department, or upon any express or implied contract with the United States...." The Tucker Act, however, "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007–09, 178 Ct.Cl. 599 (1967). A substantive right must be found in some other source of law, and the claimant must demonstrate that the source of substantive law he relies upon can be fairly interpreted as mandating compensation. *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983).

B. The Claims Court's dismissal of Hamlet's claim for reinstatement and back pay based on her constitutional count was incorrect as a matter of law.[3]

In *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) (*in banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), we held that "the first amendment, *standing alone,* cannot be ... interpreted to command the payment of money" (emphasis added), and therefore cannot support the Claims Court's jurisdiction under the Tucker Act. The same holds true for the due process clause of the fifth amendment. *Id. See also Inupiat Community of the Arctic Slope v. United States,* 680 F.2d 122, 132, 230 Ct.Cl. 647 (1982); *Myers v. United States,* 231 Ct.Cl. 965, 966 (1982).

▮ Unlike the plaintiff in *Connolly,* however, Hamlet's constitutional claim is not based *solely* on First and Fifth Amendment violations. Rather, she relies additionally upon the back pay, compensation and reinstatement rights contained in the ASCS Personnel Policy Manual which governed her employment with the ASCS. In this regard, Hamlet's claim is similar to those in *Jackson v. United States,* 428 F.2d 844, 192 Ct.Cl. 765 (1970), and *Swaaley v. United States,* 376 F.2d 857, 180 Ct.Cl. 1 (1967)[4], which were distinguished in *Con-*

---

**2.** The Claims Court did not specifically indicate whether its dismissal was based on lack of jurisdiction or failure to state a claim. *See Bell v. Hood,* 327 U.S. at 682, 66 S.Ct. at 776; *Do–Well Machine Shop v. United States,* 870 F.2d 637 (Fed.Cir.1989). Because we vacate and remand the case to the Claims Court on each issue, we need not consider this distinction.

**3.** Hamlet's constitutional count also sought $250,000 in punitive damages in addition to back pay and reinstatement. Punitive damages for the alleged violation of Hamlet's First and Fifth Amendment rights are not available under the Tucker Act and this claim was properly

dismissed by the Claims Court. *United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983) (*in banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

**4.** The *Jackson* and *Swaaley* cases involved civil service employees and, after the enactment of the Civil Service Reform Act of 1978 (CSRA), these employees may no longer seek review of their removal or demotion in the Claims Court. *See United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). The CSRA, however, is not fatal to Hamlet's claims under the Tucker Act because she was not employed in the civil service and her employment status was

*nolly,* 716 F.2d at 887. In dismissing the constitutional count, the Claims Court did not consider whether the personnel manual provisions for back pay upon reinstatement were sufficient to support Hamlet's monetary claim. Rather, its holding was predicated on the principle that First and Fifth Amendment violations alone do not mandate the payment of money. *See Testan,* 424 U.S. at 400, 96 S.Ct. at 954.

■ C. The Claims Court also prematurely dismissed Hamlet's claim for breach of her employment contract and thereby denied her the opportunity to present evidence to establish that basis for recovery. The Claims Court agreed with the government's argument that "a federal employee has no right against the United States under an implied contract theory" and stated that the "Federal employment relationship is governed by statute and regulations". *Hamlet,* 14 Cl.Ct. at 67.

In *United States v. Hopkins,* 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976), the Supreme Court noted that the Federal government in that case could employ persons by contract and held that plaintiff's claim for breach of contract was sufficient, under the provisions of the Tucker Act, to withstand a motion to dismiss for lack of jurisdiction. *See also Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 739 n. 11, 102 S.Ct. 2118, 2125 n. 11, 72 L.Ed.2d 520 (1982) (distinguishing cases not involving appointment "where contracts were inferred from regulations promising payment."). We cannot say that there is no set of facts Hamlet could prove which would entitle her to relief based on her allegations that an implied-in-fact contract had been created by the personnel manual provisions covering her employment and that this contract was breached as a result of her removal.[5]

D. Finally, the Claims Court held that Hamlet was not an "employee" duly appointed under the provisions of 5 U.S.C. § 2105(a) (1982) and was therefore not entitled to compensation for an unjustified or unwarranted personnel action under the Back Pay Act, 5 U.S.C. § 5596 (1982 & Supp. V 1987). *Hamlet,* 14 Cl.Ct. at 65–67. Hamlet's regulatory claim, however, was not based on the Back Pay Act. Rather, her complaint indicates that her claim for back pay and reinstatement is premised solely on the ASCS personnel regulations governing her employment and appended to her complaint. The Claims Court did not address this issue in the complaint on the basis upon which it was founded. Thus, dismissal of Hamlet's regulatory claim was improper as a matter of law.

### III

For the reasons expressed, we conclude that the Claims Court improvidently dismissed Hamlet's complaint and we remand the case for further consideration or for trial. We note that the Claims Court's jurisdiction to entertain any of Hamlet's claims depends on whether or not the ASCS personnel manual provisions, upon which she relies, can properly be construed as money-mandating, a matter that was not considered by the Claims Court. *United States v. Testan,* 424 U.S. at 398–400, 96 S.Ct. at 953–54; *Eastport S.S. Corp. v. United States,* 372 F.2d at 1007–09.

### COSTS

Each party shall bear its own costs.

**VACATED AND REMANDED.**

---

not dealt with during the reform of the civil service statutes. The reasoning in *Jackson* and *Swaaley* can therefore still be applied to Hamlet's case.

**5.** We note, however, that if Hamlet's employment was by "appointment," a breach of contract action against the government would be precluded. *United States v. Hopkins,* 427 U.S. at 128, 96 S.Ct. at 2511; *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. at 738, 102 S.Ct. at 2124 (employment by appointment).