16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ronald BLACK, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5138.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1993.
 
 Before NEWMAN, LOURIE and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Black appeals the April 28, 1993 order of the United States Court of Federal Claims granting the Government's motion for summary judgment, denying Mr. Black's request for correction of his military records and dismissing his claim for veteran disability retirement benefits. Black v. United States, 28 Fed.Cl. 177, 186-87 (1993). The Court of Federal Claims also dismissed Mr. Black's due process claim under the Fifth Amendment for lack of subject matter jurisdiction. Id. at 186. We affirm.
 
 
 2
 * Mr. Black entered the United States Air Force in July 1978. After successfully completing Officer Training School (OTS) at Lackland Air Force Base, Mr. Black received a commission at the rank of second lieutenant. While en route to his initial duty station, Mr. Black was admitted on October 30, 1978 to the Veterans Administration (VA) Hospital in Albuquerque, New Mexico, where he was provisionally diagnosed as suffering from "suspected paranoid schizophrenia." Mr. Black had no history of prior psychiatric disability or illness.
 
 
 3
 On November 4, 1978, Mr. Black was transferred to the hospital at Sheppard Air Force Base. After 18 days of observation, his diagnosis was downgraded to "paranoid personality." The Air Force conducted a medical examination of Mr. Black for the purpose of separation from active duty, and initiated an administrative separation action on January 17, 1979. Mr. Black elected to resign rather than challenge the proceedings, and declined the Air Force's offer of physical and psychiatric examinations upon separation. The Air Force honorably discharged Mr. Black on March 30, 1979. Based upon his medical records, the Air Force rated Mr. Black as "[s]evere paranoid personality, chronic," a noncompensable condition. See 32 C.F.R. Sec. 725.228 (1981).
 
 
 4
 On February 1, 1980, Mr. Black requested reinstatement as a second lieutenant, claiming that he was now capable of performing the duties and fulfilling the responsibilities of an Air Force officer. The Air Force Board for Correction of Military Records (Board) denied this request. Upon Mr. Black's petition for reconsideration, the Board sought an advisory opinion from the Medical Standards Division of the Office of the Surgeon General (OSG). The OSG concluded that letters from two private psychiatrists submitted by Mr. Black "reveal[ed] no evidence to justify altering the action, disposition or diagnosis in this case." The Board thus denied Mr. Black's petition on April 20, 1982.
 
 
 5
 Mr. Black had also sought relief with the VA, filing a veteran disability benefits claim on April 9, 1979. The VA denied Mr. Black's claim on April 19, 1979, based on a diagnosis of "severe paranoid personality." On March 3, 1986, Mr. Black refiled for VA benefits, claiming an incorrect diagnosis. On February 2, 1989, the VA diagnosed Mr. Black as suffering from paranoid schizophrenia and awarded him a 30 percent service connected disability rating. Mr. Black then applied to the Board on March 17, 1989 to correct his military records pursuant to 10 U.S.C. Sec. 1552 (1988 & Supp. IV 1992) and to request that the Government pay Mr. Black benefits to which he was allegedly entitled since April 1979 as a result of his disability. Relying on the OSG once again for an advisory opinion recommendation, the Board denied Mr. Black's claim on November 21, 1989.
 
 
 6
 Mr. Black, pro se, filed a complaint in the United States Claims Court* on February 21, 1990, challenging the Board's denial of relief as arbitrary, capricious and contrary to the clear evidence of nine medical authorities. Mr. Black later amended his complaint to claim that he was the victim of covert intelligence activity aimed at convincing Mr. Black that he was insane. In addition, Mr. Black sought to recover $222,652 in disability retirement benefits pursuant to 10 U.S.C. Sec. 1201 (1988 & Supp. IV 1992), which Mr. Black never received because the Air Force allegedly failed to diagnose him correctly in March 1979 as suffering from paranoid schizophrenia. The Court of Federal Claims dismissed Mr. Black's complaint as barred by the statute of limitations under 28 U.S.C. Sec. 2501 (1988 & Supp. IV 1992). Black v. United States, No. 90-171 C (Cl.Ct. Feb. 23, 1990). On appeal, this court vacated the order and remanded the case. Black v. United States, 928 F.2d 412 (Fed.Cir.1991) (table). The Court of Federal Claims remanded the case to the Board with instructions, inter alia, to investigate whether Mr. Black had been the subject of covert intelligence activity and to hold a hearing of record permitting Mr. Black to call and cross-examine witnesses and produce any relevant evidence. Black v. United States, 24 Cl.Ct. 465, 470 (1991).
 
 
 7
 At the Board's request, the Air Force Office of Inspector General (IG) conducted the investigation. The IG reviewed relevant Board files, examined military police and intelligence records, and conducted telephone interviews with Mr. Black and seven former members of his military unit that Mr. Black identified as witnesses. The IG thus concluded that there was no evidence of any covert intelligence activity aimed at convincing Mr. Black that he was insane. On May 1, 1992, Mr. Black failed to appear at a hearing scheduled by the Board to comply with the remand order from the Court of Federal Claims. In Mr. Black's absence, the Board examined the IG report and the entire administrative record and concluded that there was insufficient relevant evidence to find error or injustice which would warrant correction of Mr. Black's military record. On April 28, 1993, the Court of Federal Claims granted the Government's motion for summary judgment, concluding that substantial evidence existed to support the Board's decision to deny Mr. Black's petition for correction of his military records and to dismiss his claim for disability retirement benefits. The Court of Federal Claims also concluded that it lacked subject matter jurisdiction over Mr. Black's due process claim under the Fifth Amendment.
 
 II
 
 8
 This court reviews judgments of the Court of Federal Claims to determine whether they are premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). As a matter of law, the grant of summary judgment by the Court of Federal Claims receives de novo review by this court. Confederated Tribes of Colville Reservation v. United States, 964 F.2d 1102, 1107 (Fed.Cir.1992). In this case, the Court of Federal Claims made no additional factual determinations, and the only question on appeal is whether the Court of Federal Claims erred as a matter of law in reviewing the Board's decision.
 
 III
 
 9
 Initially, we respond to Mr. Black's argument that summary judgment by the Court of Federal Claims was premature. Mr. Black contends that he should have been given the opportunity to conduct discovery relating to his claim that he was the victim of covert intelligence activity aimed at convincing him that he was insane. Mr. Black concedes, however, that should this allegation be proved, his claim would be properly dismissed for lack of subject matter jurisdiction. Thus, we conclude that the Court of Federal Claims did not abuse its discretion in denying discovery relating to a matter over which the court would ultimately lack jurisdiction. As to additional discovery relating to other issues, we find that the Court of Federal Claims did not abuse its discretion in determining that further discovery was unnecessary.
 
 
 10
 The award of military disability retirement benefits depends upon the service member's condition while on active duty. 10 U.S.C. Sec. 1201. The record shows that the Board's decision to deny Mr. Black's petition for correction of his records was based on a detailed evaluation of all the evidence relevant to Mr. Black's condition while on active duty, including medical reports submitted by Mr. Black in his petition for reconsideration of the Board's denial of reinstatement. The Board reviewed Air Force records which documented a thorough hospital evaluation of Mr. Black in November 1978 and revealed no overt psychotic manifestations during a prolonged period of observation. The Board also considered the lack of evidence that Mr. Black had suffered medical problems while attending OTS. Moreover, prior to its May 1, 1992 decision, the Board afforded Mr. Black the opportunity to contest the conclusions of the OSG's ex parte advisory opinion. Although the VA ultimately granted Mr. Black a service connected disability rating based on a diagnosis of paranoid schizophrenia, the VA decision is not controlling on the Board. de Cicco v. United States, 677 F.2d 66, 71 (Ct.Cl.1982). The evidence shows that the Board issued its decision with full knowledge of the VA rating but, within its discretion, reached a different determination.
 
 
 11
 The Court of Federal Claims properly determined, as explained in its thorough and well-reasoned opinion, that the Board's decision to deny Mr. Black's petition for correction of his records was consistent with applicable statutes and regulations and not unreasonable, arbitrary, capricious or unsupported by substantial evidence. Given this conclusion, the Court of Federal Claims furthermore lacks subject matter jurisdiction to hear alone Mr. Black's claim that on remand the Board violated his due process rights under the Fifth Amendment to cross-examine and confront adverse witnesses. See Hamlet v. United States, 873 F.2d 1414, 1416-17 (Fed.Cir.1989) (holding that the Court of Federal Claims lacks jurisdiction to hear claims based solely on alleged violations of the Fifth Amendment). Notwithstanding the jurisdictional defect, Mr. Black declined the opportunity afforded by the Board on May 1, 1992 to cross-examine and confront adverse witnesses. For the reasons set forth, we find no error in the Court of Federal Claim's grant of the Government's motion for summary judgment.
 
 
 
 *
 Effective October 29, 1992, the United States Claims Court became the United States Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516. For simplicity, we shall refer to the court by its new name