**Charles M. BYERS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–5131.

United States Court of Appeals, Federal Circuit.

Jan. 10, 2001.

Rehearing Denied Feb. 2, 2001.

**764**

PER CURIAM.

Charles M. Byers appeals the United States Court of Federal Claims' dismissal of his complaint against the United States. Because Mr. Byers has not shown stand-

ing to sue the Government for a takings claim or jurisdiction in the Court of Federal Claims for his other claims, this court *affirms.*

I.

Mr. Byers was the president and sole shareholder of Accuracy Systems, Inc. (ASI), a company that manufactured and sold ammunition and explosives. In May 1989, an explosion at ASI killed one employee and injured two others. In June of that year, agents from the Bureau of Alcohol, Tobacco and Firearms (BATF) searched ASI's premises and seized some explosive materials and devices. Alleging safety reasons, the agents immediately destroyed most of the seized property.

In January 1995, Mr. Byers filed a *pro se* action, for himself and in the name of ASI, in the United States District Court for the District of Arizona. Mr. Byers alleged that the BATF agents had conducted the search and seizure without probable cause. The district court found probable cause for the search and seizure, but found the government had not shown that Mr. Byers was not entitled to compensation for his destroyed property.

The Government moved for summary judgment on the issue of Mr. Byers' entitlement to compensation. After the district court denied the Government's summary judgment motion, the Government sought reconsideration, or in the alternative, to transfer the case to the Court of Federal Claims. On July 13, 1999, the district court granted the Government's motion to transfer Mr. Byers' takings claim, finding that Mr. Byers' request for more than $125,000 in damages for destroyed property exceeded the district court's $10,000 jurisdictional limit under 28 U.S.C. § 1346(a)(2). *Byers v. United*

*States*, CIV 95–1384–PHX–RCB, slip op. at 7 (D.Ariz. July 13, 1999).

In October of 1999, Mr. Byers filed a *pro se* complaint in the Court of Federal Claims in his name only. The complaint alleged that BATF agents illegally seized and destroyed property during the June 1989 search. The complaint also contained new allegations that BATF agents acted improperly during a July 1989 raid on ASI and that various government actors had conspired to falsely prosecute, discredit and slander Mr. Byers.

The trial court held that because the property destroyed by BATF agents in the June 1989 search belonged to ASI, Mr. Byers was not the true party in interest. *Byers v. United States*, No. 99–791C, slip op. at 5–8 (Fed.Cl. May 19, 2000). The trial court gave Mr. Byers forty-five days to amend his complaint to substitute ASI as plaintiff and to obtain counsel to represent ASI as required by its rules. Because ASI did not appeal through counsel, the Court of Federal Claims dismissed Mr. Byers' claim for lack of standing. *Byers v. United States*, No. 99–791C (Fed.Cl. July 26, 2000). The trial court further dismissed Mr. Byers' claims of malicious prosecution, defamation, fraud, and intentional infliction of emotional distress, holding that it lacked jurisdiction to consider them. *Id.* at 1, n. 1.

On August 7, 2000, Mr. Byers filed a timely motion for reconsideration and for sanctions against Government counsel, which the Court of Federal Claims denied. Mr. Byers appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## II.

■ Questions of jurisdiction, including standing, are a matter of law and are reviewed without deference by this court. *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777 (Fed.Cir.1996). To the extent jurisdictional facts are in dispute, however, the trial court's findings of fact are reviewed by this court for clear error. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989).

■ Mr. Byers argues that part of the property destroyed by BATF agents in the June 1989 search was his own personal property and not the property of ASI. Mr. Byers further argues that the rest of the property destroyed by the agents belonged to American Ordnance Corp., a company that Mr. Byers alleges is owned solely by him and is not incorporated. Mr. Byers, however, does not point to any evidence in the record to support his assertions.

The record does, however, contain evidence that the destroyed explosive materials and devices were the property of ASI. In 1989, only ASI, not Mr. Byers or American Ordnance, was licensed to manufacture and possess firearms. App. at 83–85. The BATF Report of Investigation of the 1989 search and seizure describes removal of the destroyed property from ASI's premises. The report also notes that the BATF retained ASI packing lists, purchase orders, and product lists from some of the destroyed property. App. at 86–89. Furthermore, Mr. Byers' original compensation action in the Arizona district court, which Mr. Byers brought in his own name and in the name of ASI, serves as an admission that the destroyed materials and devices were not the property of American Ordnance. The Court of Federal Claims, therefore, did not clearly err in finding that ASI, and not Mr. Byers or American Ordnance, was the true party in interest to the takings claim.

■ By statute, each court of the United States has authority to craft rules governing *pro se* appearances. 28 U.S.C. § 1654. The Court of Federal Claims has done so in the Rule of the Court of Feder-

al Claims 81(d)(8), which states, in relevant part, that "[a] corporation may only be represented by counsel." *E.g., Frangella Mushroom Farms, Inc. v. United States,* 229 Ct.Cl. 578, 582 (1981) (citing *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 428 F.2d 1241 (Ct.Cl.1970)). Thus, the trial court correctly dismissed Mr. Byers' takings claim for lack of standing when Mr. Byers refused to retain an attorney to file an amended complaint on behalf of ASI.

Under the Tucker Act, the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States ... for liquidated or unliquidated damages *in cases not sounding in tort."* 28 U.S.C. § 1491 (emphasis added). Mr. Byers' allegations of malicious prosecution, defamation, fraud, and intentional infliction of emotional distress are all tort claims. The trial court, therefore, correctly dismissed these claims for being outside its jurisdiction.