979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re JOHNSON ELECTRIC NORTH AMERICA, INC. and Johnson
Electric Industrial Manufactory, Ltd., Petitioners.
 Misc. No. 345.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1992.
 
 Before NIES, Chief Judge, and PLAGER and CLEVENGER Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Johnson Electric North America, Inc. and Johnson Electric Industrial Manufactory, Ltd. (collectively Johnson) petition for a writ of mandamus to direct the United States District Court for the Southern District of New York to dismiss Mabuchi Motor America Corp. and Mabuchi Motor Co., Ltd.'s (collectively Mabuchi) RICO claims, rescind any discovery orders solely relating to the RICO claims, and preclude Mabuchi from introducing at trial any evidence solely relevant to the RICO claims. Mabuchi opposes.
 
 
 2
 Johnson and Mabuchi each manufacture and sell small direct current electric motors. Prior to the instant action, Mabuchi and Johnson were involved in litigation concerning infringement of Mabuchi's patent for a "Brush Holding Device." The parties settled this action in 1987. The instant matter stems from Johnson's 1988 action against Mabuchi seeking a declaration of invalidity and noninfringement of Mabuchi's patent for a "Brushgear for Miniature Motors." Mabuchi counterclaimed alleging patent infringement. In January of this year, Mabuchi amended its counterclaim to include a civil RICO cause of action pursuant to 18 U.S.C. § 1962 et seq. Mabuchi alleged that Johnson "embarked upon a plan or scheme to defraud respondents by deliberately copying Respondent's patented inventions and selling products incorporating those patented inventions into the U.S." Mabuchi alleged that such conduct constituted mail and wire fraud because Johnson facilitated these sales through letters, facsimiles and telephone calls that failed to reveal that Johnson copied the brush gear in its motors from Mabuchi. Mabuchi alleged that Johnson committed the two predicate acts required under the RICO statute in connection with copying both the brushgear patent, the subject of the instant action, and the brush holding patent, the subject of the settled action. Because of the settlement agreement, Mabuchi seeks damages only for Johnson's activities concerning the brush gear patent.
 
 
 3
 Johnson moved to dismiss the RICO causes of action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. On May 25, 1992, the district court denied Johnson's motion without explanation and without requiring Mabuchi to file an opposition.
 
 
 4
 Johnson speculates on what "holdings are implicit in the [district] court's order" and then argues that given these "holdings," the district court usurped its judicial authority and abused its discretion. Johnson argues that the district court has "usurped judicial authority by requiring Johnson to defend RICO causes of action and by requiring Johnson to retry a previously settled law suit." Johnson argues that the district court abused its discretion by using the RICO claim for the improper purpose of coercing settlement. However, Johnson admits that its view of the court's conclusions "is conjecture."
 
 
 5
 In response, Mabuchi questions this court's jurisdiction over Johnson's petition arguing that the patent jurisprudence of this court "does not play a significant ... role" in resolving the issues presented by Johnson's petition. If jurisdiction is proper, Mabuchi asserts that Johnson has not shown that review of the district court's motion to dismiss by mandamus is warranted.
 
 
 6
 With respect to the court's jurisdiction, In re Innotron Diagnostics, 800 F.2d 1077 (Fed.Cir.1986) provides that the court has jurisdiction to consider mandamus petitions that raise issues that are "intimately bound up and controlled by, the patent ... doctrinal jurisprudential responsibilities of this court." Innotron, 800 F.2d at 1082. See also In Re the Regents of the University of California, Misc. No. 330, slip op. at 2 (May 18, 1992 Federal Circuit) (an issue properly before the Federal Circuit on appeal is no less within the court's jurisdiction when raised by extraordinary writ). Johnson raises the issue of whether "acts of infringement of patent claims can form the basis of civil RICO liability." This issue directly implicates the patent jurisprudence of the court. Innotron, 800 F.2d at 1082.
 
 
 7
 The writ of mandamus is "an extraordinary remedy to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In Re United States, 877 F.2d 1568, 1571 (Fed.Cir.1989). The party seeking mandamus must show that there are exceptional circumstances amounting to a judicial usurpation of power and that its right to issuance of a writ is clear and indisputable. Gulfstream, 485 U.S. at 289. Moreover, "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." In Re Cordis, 769 F.2d 733, 737 (Fed.Cir.1985).
 
 
 8
 In ruling on a motion to dismiss for failure to state a claim, the district court "reviews the sufficiency of a complaint before the reception of any evidence." Scheuer v. Rhodes, 416 U.S. 232, 236. Because such a dismissal is on the merits and is accorded res judicata effect, dismissals under Rule 12(b)(6) are disfavored. J. Moore, 2A Moore's Federal Practice and Procedure, § 12.07 [2.-5] (2nd ed. 1991). Dismissal is improper "unless it is beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Hamlet v. United States, 873 F.2d 1414, 1416 (Fed.Cir.1989) citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 9
 Given the standards governing the district court's ruling on the motion to dismiss, Johnson has not shown that its right to a writ is clear and indisputable or that no rational or substantial legal argument can be made to support the district court's ruling. Mabuchi's claim addressing the relationship between patent infringement and mail fraud apparently raises an issue of first impression. The district court's ruling occurred at an early stage of the proceedings and merely evaluated the sufficiency of the pleadings. The parties have not had the opportunity to present evidence or develop their cases through discovery. Moreover, Johnson may seek review of the propriety of the RICO claim on appeal after final judgment.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Johnson's petition for writ of mandamus is denied.
 
 
 12
 (2) Each side shall bear its own costs.