**Garfield W. FLURETT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–637C.**

United States Court of Federal Claims.

April 23, 1993.

---

D. Randolph Whitt, Columbia, SC, for plaintiff.

John S. Groat, Washington, DC, with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for failure to state a claim under RCFC 12(b)(4). Plaintiff contended that defendant's interpretation of 10 U.S.C. § 1331(a)(4) governing his eligibility for retirement benefits under that section violated the intention of Congress. In view of the conclusions reached herein, oral argument was deemed unnecessary.

### FACTS

On June 30, 1966, plaintiff, Colonel Garfield W. Flurett, retired from active duty in the United States Air Force at the grade of Major with 20 years of active regular service pursuant to 10 U.S.C. § 8911. Plaintiff accepted a commission as a Reserve Officer and was assigned to an Air Force Reserve unit in July 1967. In 1968, plaintiff was called to active duty with his reserve unit and served on active duty for twenty-four months. Plaintiff was released from active duty in January 1970. At that time, the Air Force credited plaintiff for the twenty-four months he served on active duty. After his release from active duty plaintiff received promotions to the reserve grade of Lieutenant Colonel on August 18, 1971, and to the reserve grade of Colonel on November 18, 1975. On December 9, 1975, plaintiff left the reserve unit.

Plaintiff believed that when he reached sixty his retirement pay would be based upon his Reserve grade of Colonel and on the number of points he earned in his total military career. Consistent with this understanding, plaintiff applied for but was denied an adjustment of his retirement pay under 10 U.S.C. § 1331. Pursuant to 10 U.S.C. § 1552, plaintiff applied for relief to the Air Force Board for Correction of Military Records (AFBCMR). The AFBCMR denied plaintiff's appeal, concluding that plaintiff was already entitled to retirement under 10 U.S.C. § 8911, and therefore 10 U.S.C. § 1331(a)(4) precluded his entitlement to retirement under section 1331. On October 13, 1992, plaintiff filed this complaint contending that the AFBCMR misconstrued 10 U.S.C. § 1331(a)(4). Defendant responded by filing this motion to dismiss.

### DISCUSSION

When considering a motion to dismiss for failure to state a claim under

RCFC 12(b)(4), "unchallenged allegations of the complaint should be construed favorably to the pleader." *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). A complaint may be dismissed only when it is "beyond doubt that the plaintiff can prove no facts which would entitle him [or her] to relief." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Because defendant's motion is based exclusively on the pleadings, disposition under RCFC 12(b)(4) is appropriate.

 Plaintiff, in his complaint, sought judicial review of the AFBCMR's determination that he was not entitled to have his retirement benefits recalculated under 10 U.S.C. § 1331. Specifically, plaintiff challenged the AFBCMR's interpretation that section 1331(a)(4) precludes his entitlement to retirement under section 1331. Section 1331(a)(4) reads: "[A] person is entitled ... to retired pay computed under section 1401 of this title if ... (4) he is not *entitled,* under any other provision of law, to retired pay from an armed force...." 10 U.S.C. § 1331(a)(4) (1988) (emphasis added).

Plaintiff maintained that Congress' intent in passing section 1331(a)(4) was to prevent the receipt of double retirement benefits, not to bar the relief he sought; adjustment of his retirement benefits to reflect his reserve grade and time. Defendant argued that both the plain language of section 1331(a)(4) and its legislative history support the AFBCMR's interpretation.[1] A careful reading of the statute indicates that Congress did not intend the provisions of section 1331 to apply to persons, like plaintiff, who are entitled to retirement benefits under other provisions of the code. The statute precludes its application to those *entitled* to retirement benefits under any other provision of the law—not merely those actually *receiving* other retirement benefits. When a statute's language is plain, as here, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917); *see also United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Because plaintiff is entitled to retirement under 10 U.S.C. § 8911, the provisions of section 1331 do not apply to plaintiff. While the court is not unsympathetic to plaintiff's situation, the court is precluded by statute from providing the relief he seeks.

### CONCLUSION

For the reasons stated above, the court grants defendant's motion to dismiss. The Clerk of the Court is directed to dismiss plaintiff's complaint. No costs.

**IT IS SO ORDERED.**

---

1. Because the court finds that the plain language of the statute prohibits the relief sought by plaintiff, the court does not address its legislative history.

