The SHAFMASTER FISHING
COMPANY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 92–55C.

United States Court of Federal Claims.

July 28, 1993.

Elizabeth A. Rinaldo, Washington, DC, for U.S.

Debra Weiss Ford, Portsmouth, NH, for Shafmaster.

## ORDER [1]

WEINSTEIN, Judge.

Plaintiff, The Shafmaster Fishing Company (Shafmaster), brought this action on January 27, 1992 to recover compensation for loss or destruction of commercial fishing gear, basing jurisdiction on 28 U.S.C. § 1491 (1988), and breach of an express or implied contract, from the Fishing Vessel and Gear Damage Compensation Fund (the Fund), 22 U.S.C. § 1980(f) (1988), established under the Fisherman's Protective Act of 1967 (the Act), Pub.L. No. 90–482, 82 Stat. 730, codified as amended at 22 U.S.C. §§ 1972–1980 (1988).

This case is before the court on defendant's motion to dismiss grounds stated below.

---

**1.** This order originally was issued on April 30, 1993. The government requested publication. The decision was not appealed. Therefore, the April 30 order is being reissued for publication, with editorial and other minor revisions not affecting the substance of the decision.

## BACKGROUND

The facts are taken from plaintiff's complaint.

Shafmaster, a commercial fishing business, alleges that it incurred damages for loss and destruction of commercial fishing gear—2,025 traps. Although the nature or cause of the loss is unclear from Shafmaster's complaint, the court assumes for purposes of this order that such damages are recoverable under the Fund, based on Shafmaster's statement that the Secretary of Commerce (Secretary) reimbursed it for such loss.

In addition to the loss for which it has been compensated, Shafmaster instituted this suit to recover for economic loss suffered when the Secretary failed to remit payment to Shafmaster within sixty days of Shafmaster's filing of its application for compensation.

The Fund allows an owner or operator of a commercial fishing vessel to recover for any damage to, or loss or destruction of, the vessel or gear, and up to twenty-five percent of resulting economic loss due to inability to fish or having to fish at a reduced level. 22 U.S.C. § 1980; 46 Fed. Reg. 58,804, 58,806 (1981).[2]

The damage or loss must occur when the gear was used in certain fisheries managed under the Magnuson Fishery Conservation and Management Act, 16 U.S.C. §§ 1801–1882 (1988), and the damage or loss of a vessel must be attributable to any vessel other than a United States vessel, and in the case of gear, the damage or loss must be attributable to any vessel, regardless of whether it is a United States vessel. 22 U.S.C. § 1980(b), (d).

A vessel owner has ninety days from the date the damage or loss occurred or was noticed to file an application for compensation from the Fund with the Secretary, and must pay an application fee and comply with all relevant regulations. 22 U.S.C. § 1980(c). The Secretary has up to sixty days to consider, and issue an initial determination regarding, the application. 22 U.S.C. § 1980(d). The statute does not mention any means of redress if the Secretary fails to meet the sixty day initial determination requirement of 22 U.S.C. § 1980(d)(1).

Within thirty days of receiving the initial determination, the vessel owner may petition the Secretary for a review of the initial decision. 22 U.S.C. § 1980(d)(4). The owner may submit additional evidence at this point. After review, the Secretary issues a final decision. If compensation is awarded under the Fund, the Secretary "shall promptly pay" an owner the determined amount. The statute does not provide any right to additional compensation if the payment is not prompt, or define "promptly."

From January, 1987 to July, 1991, Shafmaster submitted claims to the Secretary for reimbursement under the Fund. The determinations did not occur within sixty days of the date of filing a claim, as required by the Act, and, in some cases,

---

**2.** The regulations provide that the Secretary may compensate a vessel owner for gross income lost on "vessel trips made at a reduced level of effort because of the casualty or, if fishing is discontinued because of the casualty, on vessel trips which would normally have been made at full operational capacity", but such compensation covers only "the period between the dates of order and receipt of replacement gear or the dates repair begins and ends (whichever is appropriate), or such other period as the Chief, FSD, determines to be reasonable." 46 Fed.Reg. at 58,809. Here, plaintiff apparently did not order replacement gear or commence repairs until after the compensation determination was made.

The regulations implementing 22 U.S.C. § 1980(f) are not published at this time in the Code of Federal Regulations. Regulations were codified at 50 C.F.R. § 258, and amended on December 3, 1981. *See* 46 Fed.Reg. 58,804 (1981). It appears that 50 C.F.R. § 258 mistakenly was removed on March 11, 1987. *See* 47 Fed.Reg. 7,532 (1987) (explaining that the text of 50 C.F.R. § 258 would appear at 22 C.F.R. § 33 when administration of the Fund was transferred from Department of Commerce to Department of State, and removing 50 C.F.R. § 258 from the Code of Federal Regulations; the text of 22 C.F.R. § 33, however, does not contain all of the original language of 50 C.F.R. § 258). Defendant stated in its motion to dismiss that "as a matter of agency practice, FSD staff routinely provide applicants with a copy of the December 3, 1981 Federal Register notice containing the regulations. The agency is currently in the process of republishing the regulations."

payments were not made until over one year after filing.

Shafmaster argues that the Secretary's delays caused it additional lost earnings not compensated by the payments received under the Fund,[3] because it was unable to replace or repair its damaged fishing gear. Shafmaster also argues that, due to the Secretary's untimeliness, it had to continue to pay mortgage, insurance, and storage payments, amounting to $3,793.45 a month, on one vessel from January 1987 to the present.

Shafmaster contends that the government's failure timely to pay its claims violates 22 U.S.C. § 1980 and breached its express and implied contract obligations under 22 U.S.C. § 1980. Shafmaster requests $692,855.46 for lost earnings, plus "continuing economic loss damages," compensation for monthly mortgage payments on its unused vessel, attorney fees and costs, interest, and other appropriate relief.

## DISCUSSION

■ In deciding a motion to dismiss for lack of jurisdiction, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *accord Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). However, the plaintiff carries the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir. 1988).

■ The Court of Federal Claims is a court of limited subject matter jurisdiction. A statutory limitation on the sovereign's immunity to suit may not be waived or extended except by an express and unequivocal statute. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 432, 110 S.Ct. 2465, 2475, 110 L.Ed.2d 387 (1990) (requiring strict construction of stat-

utory authority for suit against the government); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (*citing United States v. King,* 395 U.S. 1, 4–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969)) (requiring express waiver of sovereign immunity).

■ While the Tucker Act provides the necessary consent to suit, a substantive right for money damages against the United States also must exist. *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *accord Huston v. United States,* 956 F.2d 259, 261 (Fed.Cir.1992); *see also United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Such a right, if not founded upon contract, "must be found in some other source of law, such as 'the Constitution, or any Act of Congress, or any regulation of an executive department.'" *Mitchell,* 463 U.S. at 216, 103 S.Ct. at 2967 (*quoting* 28 U.S.C. § 1491). "[T]he claimant must demonstrate that the source of substantive law he relies upon ' "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." ' " *Mitchell,* 463 U.S. at 216–17, 103 S.Ct. at 2968 (citation omitted).

■ In this case, Shafmaster has not identified any language in 22 U.S.C. § 1980 that mandates compensation for the government's untimely reimbursements for the loss and destruction of commercial fishing gear and a percentage of lost earnings, and in fact admits, in its opposition to defendant's motion to dismiss, that none exists. Eligibility for monetary compensation rests solely on a vessel owner's loss or damage pursuant to 22 U.S.C. § 1980. It appears that the Secretary already has compensated Shafmaster under that statute to the fullest extent possible.

■ In addition, an action against the government for misconduct in administering a statute or regulation amounts to a

---

**3.** It is not clear what, if any, part of the demand includes the reimbursements for lost earnings not paid because they exceed the twenty-five percent cap, or what portion consists of damages not incurred before the claims were filed, or losses not falling within the post order or post repair time periods specified by the regulations. See *supra,* note 1.

tort, not, as Shafmaster argues, a breach of contract. *Smithson v. United States,* 847 F.2d 791, 794 (Fed.Cir.1988) (government's failure to comply with regulation is tort outside of Claims Court jurisdiction), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); *see also Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1010, 178 Ct.Cl. 599 (1967) ("liability for damages occasioned by wrongful regulatory action smacks more of tort than of nontortious obligation") (footnote omitted).

Tort claims are outside this court's jurisdiction. 28 U.S.C. § 1491(a)(1) (1988) (jurisdiction exists "in cases not sounding in tort"); *Aetna Casualty & Sur. Co. v. United States,* 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

Accordingly, plaintiff's complaint is dismissed, without prejudice.