67 F.3d 319
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Shahsultan JAFFER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5127.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 9, 1995.
 
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Shahsultan Jaffer appeals from the January 18, 1995 judgment of the United States Court of Federal Claims, No. 95-17 C, dismissing her complaint with prejudice. Because the trial court properly concluded that Jaffer failed to state a claim for which relief can be granted, we affirm.
 
 DISCUSSION
 
 2
 Jaffer filed a pro se complaint in the Court of Federal Claims on January 9, 1995. According to the complaint, Jaffer sought "to recover damages in [the] form of restitution for taking by the defendant, United States of America, [of] claimant's liberty and property, after denying claimant access to the federal courts, on the ground that the right of public access to the court is protected and retained by the people under the First, Fifth, and Seventh Amendments to the Constitution of the United States." (Complaint p 2; see also Complaint p 14.) Specifically, Jaffer claimed to have "suffered damages in the amount of not less than Two Hundred and Seventy-one Million ($271,000,000.00) Dollars." (Complaint p 19.) The complaint further indicated that the alleged deprivation of access to the federal courts arose in connection with Jaffer's commencement of a federal civil action in the United States District Court for the Southern District of New York. (Complaint paragraphs 8, 9.) Copies of papers filed in the course of that civil action were appended to the complaint as Exhibits A and B; these papers make clear that Jaffer was not denied access to the federal courts, but simply failed to prevail in her suit against a group of federal judges, lawyers, and law firms.
 
 
 3
 By order dated January 11, 1995, the trial court directed the Clerk to dismiss the complaint with prejudice, having discerned in Jaffer's complaint "no statement of a claim that arguably could be within th[e] court's jurisdiction." After the Clerk entered judgment in the case on January 18, 1995, dismissing the complaint with prejudice, Jaffer sought relief from the judgment by filing a variety of post-judgment motions. In addition, she sought to have the trial judge presiding over her case disqualified by filing an affidavit of bias and prejudice under RCFC 63. The trial court denied all her post-judgment motions, and, in what would appear to be an effort to stem the rising tide of Jaffer's meritless motions, directed the Clerk "to accept no further filings from [Jaffer] in case no. 95-175C." Jaffer appeals, pro se, from the trial court's dismissal of her complaint with prejudice for failure to state a claim on which relief can be granted.
 
 
 4
 Failure to state a claim vel non presents a question of law that we review de novo. Hamlet v. United States, 873 F.2d 1414, 1416 (Fed.Cir.1989). As the Supreme Court held in Estelle v. Gamble, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 429 U.S. 97, 106 (1976) (internal quotations omitted).
 
 
 5
 Jaffer grounds her complaint on alleged violations of the First, Fifth, and Seventh Amendments. As the Tucker Act makes clear, and as Jaffer herself acknowledged in paragraph 7 of her complaint, the Court of Federal Claims has the power to adjudicate money claims against the United States not sounding in tort. 28 U.S.C. Sec. 1491 (1988). Neither the Due Process Clause of the Fifth Amendment, the First Amendment, nor the Seventh Amendment explicitly or implicitly obligates the federal government to pay damages; as a result, none of these provisions, by themselves, can support a claim for relief in the Court of Federal Claims. See United States v. Connolly, 716 F.2d 882, 886-87 (Fed.Cir.1983) (in banc), cert. denied, 465 U.S. 1065 (1984). Only the Compensation Clause of the Fifth Amendment, according to which "private property shall [not] be taken for public use, without just compensation," could possibly ground Jaffer's claim for relief. We thus assume, for purposes of evaluating the viability of her complaint, that Jaffer claims just compensation for the alleged taking of her right of access to the federal courts.
 
 
 6
 The first step in analyzing the merits of Jaffer's takings claim is, as with any takings claim, determining whether the government has invaded a property interest. See Lucas v. South Carolina Coastal Council, 112 S.Ct. 2886, 2899 (1992); M & J Coal Co. v. United States, 47 F.3d 1148, 1154 (Fed.Cir.1995). In other words, if the claimant has no property interest in the right of which she claims to have been deprived, the Fifth Amendment does not entitle her to compensation. Jaffer has not directed us to any authority for the proposition that she has a personal property right in access to the federal courts, and we know of no such authority upon the basis of which either the trial court or we could conclude that Jaffer holds such a personal property right.
 
 
 7
 The trial court correctly concluded that Jaffer can prove no set of facts in support of her claim that would entitle her to relief. Accordingly, the judgment of the Court of Federal Claims dismissing Jaffer's complaint with prejudice is affirmed.