**W.R. COOPER GENERAL CONTRACTOR, INC.,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 600–86C.**

United States Claims Court.

May 28, 1987.

Richard I. Manas, Miami, Fla., for plaintiff.

Tamra Phipps, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

MOODY R. TIDWELL, III, Judge:

This government contract case is before the court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff, W.R. Cooper General Contractor, Inc. (Cooper), seeks money withheld pursuant to a Department of Labor investigation of a project subject to the prevailing wage provisions of Davis-Bacon Related Acts. The court dismisses plaintiff's Complaint for lack of jurisdiction because plaintiff's claims are not founded upon a contract, statute, or the Constitution.

## FACTS

Plaintiff's action arises out of the City of Miami Beach, Florida project known as the Washington Avenue Revitalization Project. Plaintiff performed certain work as a subcontractor on the project under a contract with the general contractor, Garcia-Allen Construction Company, Inc. (Garcia-Allen). Plaintiff seeks to recover moneys from payments under its contract with Garcia-Allen that allegedly were first placed in escrow by the City and then remitted to the Department of Labor through the Department of Housing and Urban Development (HUD). The funds were withheld as the result of a Department of Labor investigation of wage practices on the project, which was subject to the prevailing wage provisions of Davis-Bacon Related Acts (DBRA).[1] Plaintiff initially brought suit against the City and the contractor in *W.R. Cooper, Inc. v. City of Miami Beach*, No. 83–18455 (Fla.Cir.Ct.) and that action is still pending.

## DISCUSSION

Defendant argues that plaintiff failed to state a claim within the limited jurisdiction of the Claims Court as set forth in the Tucker Act, codified at 28 U.S.C. § 1491.[2] The following jurisdictional analysis results in the court's dismissal of the Complaint.

### A. *Privity of Contract*

■ Plaintiff's Complaint makes no allegation of privity of contract with the United States. In fact, it is clear from the allegations of the Complaint that plaintiff's claims arise out of its contract with Garcia-Allen, the general contractor, and not from any contractual relationship with the United States. A subcontractor not in privity with the United States cannot sue the government directly in the Claims Court. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541 (Fed.Cir.1983). Exceptions to the general rule that a subcontractor cannot bring suit directly against the government on a government procurement contract have been recognized, but only in certain circumstances not alleged by plaintiff. *Johnson Controls* at 1548–52.

■ Instead of alleging privity of contract, plaintiff argues that a "legal relationship" arose between plaintiff and the government based upon the withholding of funds by the City of Miami Beach at the request of the government and the ultimate surrender of the funds by the general contractor to the government.[3] The argument that a contractual relationship resulted between the subcontractor and the federal government from the government's "directing" that the City withhold moneys from the general contractor, or from the federal government persuading the contractor to surrender the funds, is without merit. Even if the moneys, as plaintiff contends, might have ultimately been paid over to the subcontractor under its contract with the general contractor, plaintiff was not a party to the original arrangement, which provided for the withheld funds. In any event, these transactions were not contractual in nature.

### B. *The Department of Labor's Withholding of Funds*

■ Plaintiff contends that the Department of Labor acted illegally in requesting

---

1. The contract was subject to the prevailing wage provisions of two DBRAs, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 *et seq.*, and the Housing and Community Development Act of 1974, 42 U.S.C. § 5310, as well as the wage provisions of the Contract Work Hours and Safety Standards Act (CWHSSA), 40 U.S.C. § 327 *et seq.*, and the implementing regulations at 29 C.F.R. Chapter 5. Federal construction assistance funds were withheld because the investigation disclosed recurring violations by plaintiff of the prevailing wage requirements of the DBRAs and of the *overtime* requirements of CWHSSA.

2. The Tucker Act provides in relevant part:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (1982).

3. These funds were withheld and ultimately assigned or released by the general contractor to the government because of DOL charges against plaintiff of non-compliance with Davis-Bacon Act requirements.

the withholding of funds from the general contractor.[4] In *Clevenger Roofing & Sheet Metal Co. v. United States,* 8 Cl.Ct. 346 (1985), this court examined a similar claim by a subcontractor for return of moneys withheld by the general contractor as a result of alleged Davis-Bacon Act violations. This court stated:

> [W]ith respect to the Davis-Bacon Act issue(s), the defendant has only withheld funds belonging to Santa Fe, the prime contractor. It was Santa Fe that actually paid the back wages to plaintiff's employees, as required by the prime contract. And, upon that payment, the government released to Santa Fe the contract funds previously due and withheld under said prime contract. Thereafter, ... Santa Fe exercised a release to defendant "from all claims whatsoever arising under and by virtue of" the contract between them.
>
> Thus, it is indisputable that the government has never possessed or retained *plaintiff's* "money in its pocket."

*Clevenger,* 8 Cl.Ct. at 352 (emphasis in original). In essence, the court held that it lacked jurisdiction to determine the merits of the subcontractor's claim because the money was not directly taken from the subcontractor by the government. *Clevenger,* 8 Cl.Ct. at 353. Plaintiff, like the subcontractor in *Clevenger,* has not and cannot allege that the government retained plaintiff's money or that any money was taken directly from plaintiff. Thus, plaintiff's allegation that defendant wrongfully requested the prime contractor to withhold funds from plaintiff is without a jurisdictional basis in this court.

**4.** Plaintiff merely labels defendant's actions as illegal without citing or referring the court to any statute or regulation.

**5.** The *Cotham* court granted summary judgment for defendant on a subcontractor suit that sought to enjoin HUD from depriving the subcontractor of moneys withheld and to have certain portions of the Davis-Bacon Act declared unconstitutional.

**6.** The instant plaintiff admits that this project was covered by the requirements of the Davis-

## C. *Constitutional Claim*

[4] Plaintiff alleges that withholding of the contract moneys violated due process of law (U.S. Const. amend. V) and denied plaintiff its alleged right to a fair and impartial hearing. However, it is well settled that this court lacks jurisdiction over due process claims of this type because the fifth amendment of the Constitution cannot be read to mandate a payment of monetary damages. *E.g., Alabama Hosp. Ass'n v. United States,* 228 Ct.Cl. 176, 180, 656 F.2d 606, 609 (1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982); *Cabrera v. United States,* 10 Cl.Ct. 219, 222 (1986); *Shaw v. United States,* 8 Cl.Ct. 796, 800 (1985); *Prevado Village Partnership v. United States,* 3 Cl.Ct. 219, 229 (1983); *Royce v. United States,* 1 Cl.Ct. 225, 226 (1982).

Even if the court had jurisdiction to address plaintiff's due process claim, the court in *Cotham v. Tuite,* 94 Lab.Cas. (CCH) ¶ 34,215 (E.D.Cal.1982) [Available on WESTLAW, DCT database], rejected a very similar subcontractor claim.[5] In *Cotham,* as in this case, the subcontractor challenged the government's withholding of funds arising out of HUD monitoring of Davis-Bacon Act compliance. The subcontractor contended, as does plaintiff, that HUD, by demanding the withholding of payments to be paid the subcontractor under the contracts without first holding a hearing, deprived the subcontractor of his property without due process of law.

After observing that neither the contracts nor any statute or regulation required HUD to hold a hearing before it demanded the escrow of the funds, *Cotham,* 94 Lab.Cas. at 44,708,[6] the *Cotham*

Bacon Act and the Davis-Bacon Related Acts, including the requirement of payment of prevailing wages for labor on the project, which was the basis for the withholding of funds here. In withholding funds for Davis-Bacon non-compliance, HUD acts under the terms of its agreements required under 29 C.F.R. § 5.5(a) and acts within its powers under applicable statutes and regulations. *See* 40 U.S.C. § 276a (1982); 42 U.S.C. § 1437j (1982); 24 C.F.R. § 883.409(a) (1986).

court concluded that the subcontractor was not deprived of property without due process of law. The court held that the subcontractor had no property right in the withheld portion of the payment under the subcontract:

> [T]he "property" of which the plaintiff claims to have been deprived is the withheld portion of the final payment which he claims is due him under the sub-contracts with the generals. The plaintiff's right to that property is defined in the first instance not by the Constitution but rather by the terms of the sub-contracts, including the provisions requiring him to comply with Davis-Bacon Act requirements. While the plaintiff claims that he has fully performed on those sub-contracts, and is thus entitled to payment, that claim is apparently disputed by the general contractors—with whom the plaintiff is in privity—for it is the generals who have withheld payment from the plaintiff. It may be that the plaintiff is correct in saying that he has fully performed and met all the conditions precedent to payment; that is not, however, a matter which can be resolved in the instant lawsuit. Rather, it is the central issue in ... the action on the sub-contracts between the plaintiff and the general contractors who are not parties to the case at bar. The plaintiff cannot claim that he was unconstitutionally deprived of property without first establishing that he has a right or entitlement to that property, and the plaintiff cannot establish that right to the disputed property until the controversy between the plaintiff and the generals is resolved.

*Cotham,* 94 Lab.Cas. at 44,708.

As in *Cotham,* plaintiff has no property right in the moneys that it claims were wrongfully withheld. It can only establish a right to these funds, if at all, in its pending action on the sub-contract against the general contractor. Plaintiff's remedy, if it has one, is in its breach of contract action against Garcia-Allen. Because plaintiff has no property right in the moneys that it claims, its due process allegation fails to state a claim upon which relief can be granted.

### D. *Money Claim*

■ Plaintiff's Complaint states that jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491. Neither of these provisions of law is a sufficient basis for a cause of action cognizable in the Claims Court because neither mandates payment of money to plaintiff. It is well established that the Tucker Act, 28 U.S.C. § 1491, alone confers no substantive right of recovery against the United States. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–607, 372 F.2d 1002, 1007–1009 (1967). It merely confers jurisdiction upon the court where a substantive right exists. *Testan,* 424 U.S. at 398, 96 S.Ct. at 953; *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

■ For this court to be properly vested with jurisdiction, it must be averred that "the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Eastport,* 178 Ct.Cl. at 605, 372 F.2d at 1007. Plaintiff has not carried its burden of showing, as required, that either the Davis-Bacon Act or the regulations, *i.e.,* 32 C.F.R. § 18–704.4 (1976), implementing the Act, "can fairly be interpreted as mandating compensation by the Federal Government for the damages [allegedly] sustained." *United States v. Mitchell,* 463 U.S. 206, 226, 103 S.Ct. 2961, 2972, 77 L.Ed.2d 580 (1983). There is no rational basis upon which to construe either the Davis-Bacon Act or 32 C.F.R. § 18–704.4 as mandating compensation by the federal government to a subcontractor for alleged procedural violations by the Secretary of Labor of such statute or regulation. *Clevenger,* 8 Cl.Ct. at 353.

The language of 28 U.S.C. § 1346(a)(2) likewise creates no substantive right enforceable against the United States. In fact, that statute is completely inapplicable

to this case. It merely consents to suits against the government in the district courts where claims do not exceed $10,000. *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 823 (10th Cir.1981); *see also Testan,* 424 U.S. at 402–403, 96 S.Ct. at 955.

Plaintiff cites no other provision of law that mandates payment of moneys to plaintiff. Accordingly, plaintiff has failed to state a claim upon which relief can be granted and this court lacks jurisdiction to hear this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for lack of jurisdiction is granted. The Clerk of the court is directed to enter judgment dismissing plaintiff's Complaint.