### W.R. COOPER GENERAL CONTRACTOR, INC., Plaintiff–Appellant,

v.

### The UNITED STATES, Defendant–Appellee.

No. 87–1473.

United States Court of Appeals, Federal Circuit.

April 5, 1988.

Richard I. Manas, Manas & Marcus, P.A., Miami, Fla., argued, for plaintiff-appellant.

Tamra Phipps, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director.

Before SMITH, BISSELL, and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

W.R. Cooper General Contractor, Inc. (Cooper) appeals the judgment of the United States Claims Court dismissing its complaint. *See W.R. Cooper Gen. Contractor, Inc. v. United States,* 12 Cl.Ct. 406 (1987). We vacate and remand:

## BACKGROUND

Cooper was a subcontractor for Garcia–Allen Construction Company (Garcia–Allen), the prime contractor under a contract with the City of Miami Beach (the City), Florida. The prime contract, known as the Washington Avenue Revitalization Project (the Project), involved federal funds. Under the subcontract, Cooper installed a sprinkler system in 1981 and 1982 on the median strip of a roadway.

The Project, including subcontracts, was subject to the prevailing wage provisions of 42 U.S.C. §§ 1440(g), 5310 (1982) and the overtime provision of 40 U.S.C. § 328 (Supp. III 1985). Due to a Department of Labor (DOL) investigation concluding that Cooper had violated the cited statutes, DOL requested in May and June of 1982 that the City withhold payments to Garcia–Allen in the amount Cooper was due for work performed, which the City did.

On June 17, 1982, the City placed the disputed funds in escrow. On March 16, 1983, Garcia–Allen released any claim to the escrowed money, or alternatively, assigned its rights in the funds to the federal government. Thereafter, on September 27, 1983, the City remitted these funds to DOL.

In seeking to recover the funds, Cooper initially brought suit against Garcia–Allen, the City, and the Secretary of Labor in a Florida state court. The Secretary, however, removed the action to federal district court in Florida. On the government's motion, that court dismissed the claim against the United States because it determined that jurisdiction for the claim rested exclusively in the Claims Court. The court, moreover, remanded the remaining claims to state court.

On September 25, 1986, Cooper filed a complaint in the Claims Court. On the government's motion to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1), however, the Claims Court held that there was no Tucker Act jurisdiction for Cooper's

claim. *Cooper,* 12 Cl.Ct. at 408–11. Subsequently, Cooper appealed.

## OPINION

In cases such as this in which a party has moved to dismiss for lack of jurisdiction, we must consider the facts alleged in the complaint to be correct. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 755 F.2d 1559, 1562 n. 4, 225 USPQ 121, 123 n. 4 (Fed.Cir.), *cert. denied,* 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). If these facts reveal any possible basis on which the non-movant might prevail, the motion must be denied. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

Here the complaint alleges the following. A dispute existed between DOL and Cooper over Cooper's alleged labor violations. As a result, DOL requested that the City withhold certain payments technically owed to Garcia–Allen as the prime contractor, but actually designated to compensate Cooper for work performed. The City escrowed these funds, after which DOL secured from Garcia–Allen a release to any rights Garcia–Allen held as prime contractor in the money. Thereafter, DOL obtained the escrowed funds.

These facts raise the possibility that a contract existed, whether express or implied, obligating DOL not to take the escrowed funds until after DOL and Cooper had finally resolved the dispute over Cooper's alleged labor violations. This contract may have existed between DOL and Cooper, or it may have existed between DOL and the City as a contract intended for Cooper's benefit. Such a contract would have been sufficient to create jurisdiction in the Claims Court under the Tucker Act. 28 U.S.C. § 1491(a)(1) (1982); *Robo Wash, Inc. v. United States,* 223 Ct.Cl. 693, 697–98 (1980); *Russell Corp. v. United States,* 210 Ct.Cl. 596, 537 F.2d 474, 481–82 (1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977).

## CONCLUSION

In light of the foregoing, we vacate the judgment of the Claims Court dismissing the complaint, and remand for further proceedings, including an inquiry into whether there is any factual basis for the escrow agreement alleged by the complaint.

VACATED AND REMANDED.