**McDONNELL DOUGLAS CORPO-RATION and General Dynamics Corporation, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 91–1204C.**

United States Court of Federal Claims.

Nov. 23, 1992.

Francis M. Gaffney, Sonnenschein, Nath & Rosenthal, St. Louis, Mo., for plaintiff McDonnell Douglas Corp.; John W. Walbran, Gen. Counsel, St. Louis, Mo., of counsel.

Herbert L. Fenster, McKenna & Cuneo, Washington, D.C., for plaintiff Gen. Dynamics Corp.; Robert H. Duesenberg, Gen. Counsel, Falls Church, Virginia, of counsel.

Mary Mitchelson and Bryant G. Snee, U.S. Dept. of Justice, Washington, D.C., for defendant; Stephen R. O'Neill, Dept. of the Navy, Washington, D.C., of counsel.

## ORDER AND OPINION

HODGES, Judge.

### BACKGROUND

Defendant filed a motion in April 1992 to dismiss plaintiffs' counts based on alleged government superior knowledge. Because the A–12 and other special access programs were separate and compartmented programs, defendant argued that as a matter of law plaintiffs could not impose a duty to disclose such information. Plaintiffs responded that no classified information exception to the superior knowledge doctrine exists.

Both parties relied on *J.A. Jones Construction Company v. United States*, 390 F.2d 886, 182 Ct.Cl. 615 (1968). Defendant interpreted *J.A. Jones* to mean that the Government does not have a duty to dis-

close superior knowledge if the disclosure would threaten national security. Plaintiffs argued that the Government is not free to mislead a contractor by silence solely because the superior knowledge is classified.

After oral argument in June, we ruled from the bench that plaintiffs' superior knowledge counts could not be stricken from the complaint at that stage. In essence, we ruled that *J.A. Jones* opened the door to very limited discovery, and asked the parties to craft a reasonable discovery process that would allow plaintiffs to obtain the information they needed to prove their case without disclosing details of the Government's superior knowledge.

Subsequently, defendant sought interlocutory appeal of that ruling to the Federal Circuit. Defendant asked to be heard on its motion for certification, and we held oral argument on November 5. At that hearing, defendant argued that the court's June decision meets the applicable standards for certification. These standards require (1) a controlling question of law with respect to which there is a substantial ground for difference of opinion, and (2) that an immediate appeal may materially advance the ultimate determination of litigation. 28 U.S.C. § 1292(d)(2) (1988).

The record containing the June decision denying defendant's motion to dismiss is classified, and we have not issued reasons for that decision in a non-classified form. Therefore, we take this occasion to address the June ruling in a limited way. Whether an appeal would materially advance termination of the litigation is not discussed here because both standards must be met, and we find that "a substantial ground for difference of opinion" does not exist.

## DECISION

■ A "substantial ground for difference of opinion" requires an absence of controlling judicial authority on an issue. At this stage of the proceedings, we are not persuaded that the law is so unclear. Because of the presumptions enjoyed by a party defending a motion to dismiss on the pleadings, defendant must show as a matter of law that it could never have a duty to disclose superior knowledge if that knowledge were classified. We believe that certification of such an issue would be inappropriate at this time.

■ *Helene Curtis Industries, Inc. v. United States*, 312 F.2d 774, 160 Ct.Cl. 437 (1963), established a four-part test for a superior knowledge claim, paraphrased here as follows: (a) defendant knew about the special information, (b) plaintiff neither knew nor had reason to know the information, (c) defendant failed to supply the information, and (d) this failure misled plaintiff.

■ These portions of the *Helene Curtis* holding apply to our case:

1. "Government permitted plaintiff ... to enter a bid for this novel product and undertake a process ... which was undoubtedly planned without the significant information ... possessed by defendant." 312 F.2d at 777.

2. "[T]he fixed price contractor of course bears the burden of unanticipated increases in costs.... [A]n end-product specification normally leaves it to the contractor to perform as best he can ..., but that does not excuse the defendant from liability if it breaches an independent duty to reveal data...." 312 F.2d at 777–78 (citations omitted).

3. "There are many contracts ... where a contractor can reasonably be expected to seek the facts for himself.... The Government may be under no duty to volunteer information in its files. But ... there are other instances in which the defendant is clearly under such an affirmative obligation and cannot remain silent." 312 F.2d at 778 (citations omitted).

4. "Government, possessing vital information which it was aware the bidders needed but would not have, could not properly let them flounder on their own." 312 F.2d at 778.

The Navy sought a "novel product" in the A–12, a Stealth fighter which could land on an aircraft carrier. The Government argues as it did in *Helene Curtis* that

this was a full scale development contract—an "end-product" for which the Government "contracted for technical know-how and manufacturing skills...." 312 F.2d at 777. But plaintiffs have evidence that defendant anticipated sharing earlier Stealth technology with its contractors. Defendant may have possessed vital information which it could have known would assist plaintiffs, and plaintiffs allege that defendant remained silent. Thus, plaintiffs have alleged a cause of action that is supported by existing law.

*J.A. Jones* cites "the *established rule* that, while the defendant had no obligation to prevent ... the avalanche that buried the contractor, it was not free, if it was aware of the impending avalanche and knew that J.A. Jones was not, to stand aside and let the bidder be overwhelmed without a warning." *J.A. Jones,* 390 F.2d at 888 (emphasis added).

Though classified information was involved in *J.A. Jones,* the court focused on the issue of imputed knowledge among government agencies: "If the Air Force were the formal contracting agency [instead of the Army Corps of Engineers], there would be no doubt, on these facts, that defendant would be liable...." 390 F.2d at 890. The court ultimately held the Government liable under the standards of *Helene Curtis* for the Air Force's failure to disclose its knowledge.

A key ruling of *J.A. Jones* for our purposes is found at page 893, note 14: "While some aspects of the Air Force's plans undoubtedly were classified, the evidence falls far short of proving that a general warning to plaintiff would have rent the security blanket."

Thus, details of the classified information may not have been crucial; a warning may have been sufficient. In any event, the court clearly ruled that the Government had a duty to make *some* disclosure based upon its superior knowledge even though the basis for that knowledge was classified.

Defendant has argued repeatedly that Stealth technology includes some of the Government's most precious secrets. Defendant has produced affidavits to that ef-fect, and we have no doubt of it. Defendant argues that the United States must not be required to share its most highly classified technology with plaintiffs. However, we do not view this as a natural result of the court's refusal to dismiss the superior knowledge counts.

Plaintiffs allege in essence that defendant allowed them to go astray; that defendant knew of the impending avalanche and did nothing. A warning may have been enough to satisfy requirements of the superior knowledge doctrine. Arguably, extensive sharing of sensitive technology would not have been necessary—it may not be necessary now. We have held only that plaintiffs were entitled to prove that defendant knew of the avalanche and did nothing about it.

### CONCLUSION

*Helene Curtis* and *J.A. Jones* direct that plaintiffs' superior knowledge counts should not be dismissed at the pleadings stage. Because this is clear authority from the Court of Appeals for the Federal Circuit, we cannot certify that a substantial ground for difference of opinion on this issue exists. Defendant's motion is therefore DENIED; the Order filed October 30 remains in effect.