**NORTHROP GRUMMAN CORPORATION, MILITARY AIRCRAFT DIVISION, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 96–760C.**

United States Court of Federal Claims.

Nov. 18, 2004.

Joseph F. Coyne, Jr., Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, CA, for the plaintiff. Jeffrey N. Eisenstein, Richard B. Clifford, Jr., Perkins Coie LLP, Washington, D.C.; Joseph O. Costello, Northrop Grumman Corporation, Los Angeles, CA, of counsel.

Deborah A. Bynum, Assistant Director; Phyllis Jo Baunach, Trial Counsel; David M. Cohen, Director, Commercial Litigation Branch, Civil Division; Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for the defendant. Lt. Colonel Christopher Matthews, Department of the Air Force, Washington, D.C., of counsel.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

Defendant has filed a motion to dismiss plaintiff's claims regarding "superior knowledge" (count VIII) and "defective specifications" (count IX) of the plaintiff's second amended complaint, insofar as these claims are based upon defendant's nondisclosure of superior knowledge from classified, compartmentalized programs, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). This is the next decision in a series of dispositive and discovery motions filed and to be filed in the above captioned case. Resolution of the motion currently before the court also should put the discovery schedule back on track. The attention of the parties is directed to separate schedule and discovery orders issued by the court.

As noted in the court's November 5, 2004 opinion, defendant awarded plaintiff, Northrop Grumman Corporation, an incrementally funded, fixed-price contract (Contract No. F33657–86–3001), for the full-scale development and initial production of the Tri–Service Stand–Off Attack Missile (TSSAM), a cruise missile designed for use by the Air Force, Navy and Army. The TSSAM contract was subsequently terminated for the convenience of the government. The second amended complaint recites that plaintiff submitted certified claims to the contracting officer claiming breach of contract for defendant's failure to disclose its superior knowledge and for providing defective specifications. The contracting officer's final decision denied plaintiff's claims. Plaintiff filed the "superior knowledge" and "defective specifications" claims, along with other claims denied by the contracting officer, in its second amended complaint with the Court of Federal Claims.

The plaintiff's second amended complaint alleges that plaintiff undertook to perform the contract without vital information related to "the TSSAM Program's development and flight test schedules, technologies, threats, missions, requirements, and affordability," and information regarding the "compatibility and achievability" of the contract specifications. Without such information, plaintiff allegedly suffered financial detriment, delay, and disruption in its performance of the contract. According to the second amended complaint, defendant allegedly knew plaintiff did not possess this knowledge because the knowledge was based on information and experience from other classified development programs that were unavailable to plaintiff. Defendant allegedly failed to provide and knew plaintiff could not obtain access to vital information, and failed to adequately warn plaintiff of the consequences resulting from the lack of such knowledge.

Two counts of the plaintiff's second amended complaint address superior knowledge and defective specifications (counts VIII and IX).

(1) Count VIII ("Government Failure to Disclose Superior Knowledge") states that defendant's failure to disclose its superior knowledge violated the government's duty of cooperation to plaintiff, as well as its duty of good faith and fair dealing. Plaintiff seeks to have defendant's nondisclosure treated as a breach of contract, or, in the alternative, treated as a constructive change to the TSSAM contract.

(2) Count IX ("Government Provision of Defective Specifications") states that defendant provided plaintiff with defective specifications which were not achievable, and that the defendant possessed knowledge from other programs that the specifications could not be accomplished. Plaintiff seeks three alternative remedies: (1) to have defendant's actions declared as a breach of contract; (2) to have defendant's conduct treated as a constructive change to the contract; or, (3) to recover all of its uncompensated incurred costs.

## DISCUSSION

The United States moves to dismiss Counts VIII and IX of the plaintiff's second amended complaint, under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), for failure to state a claim upon which relief can be granted. A court may dismiss plaintiff's claims for failure to state a claim when no additional proceedings would enable the plaintiff to prove facts entitling him or her to prevail. *New York Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed.Cir.1999); *Constant v. United States*, 929 F.2d 654, 657 (Fed.Cir.) ("Nor is due process violated by a dismissal, even *sua sponte*, for failure to state a claim.... [N]o additional proceedings could have enabled Constant to prove any set of facts entitling him to prevail on his claim for relief."), *cert. denied*, 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991); *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793–94 (Fed.Cir. 2000) (the particular facts of the case did not support a *sua sponte* dismissal for failure to state a claim). The court should dismiss a case for failure to state a claim only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir.2000); *New Valley Corp. v. United States*, 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (1997); *Consolidated Edison Co. v. O'Leary*, 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied*, 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *Gould, Inc. v. United States*, 67 F.3d 925, 929–30 (Fed.Cir.1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied*, 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the nonmovant might prevail, the motion [to dismiss]

must be denied.'"); *RCS Enterps., Inc. v. United States,* 46 Fed.Cl. 509, 513 (2000).

Pursuant to RCFC 8(a)(1), as well as Federal Rules of Civil Procedure 8(a)(1), a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding on a motion to dismiss based on failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99; *Boyle v. United States,* 200 F.3d at 1372; *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d at 1170 (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991)); *Hamlet v. United States,* 873 F.2d at 1416; *Ho v. U.S.,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed. Appx. 964 (2002); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed.Cir.1996) (table). If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988); *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994). "A motion to dismiss under Rule [12(b)(6)] for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy." *Perez v. United States,* 156 F.3d at 1370.

The Court of Federal Claims has recognized a breach of contract claim based on the government's implied duty to share its superior knowledge that is vital to contract performance. *See AT & T Communications, Inc. v. Perry,* 296 F.3d 1307, 1312 (Fed.Cir. 2002); *Giesler v. United States,* 232 F.3d 864, 876 (Fed.Cir.2000); *GAF Corp. v. United States,* 932 F.2d 947, 949 (Fed.Cir.), *reh'g denied, suggestion for reh'g en banc declined* (1991), *cert. denied,* 502 U.S. 1071, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992); *J.A. Jones Constr. Co. v. United States,* 182 Ct.Cl. 615, 623, 390 F.2d 886, 890 (1968); *Helene Curtis Indus. v. United States,* 160 Ct.Cl. 437, 443–44, 312 F.2d 774, 778 (1963). This implied duty is consistent with the general contract law principles of good faith and fair dealing. *See, e.g., Helene Curtis Indus. v. United States,* 160 Ct.Cl. at 443–44, 312 F.2d at 778.

In its motion to dismiss, defendant articulates its legal argument as follows: "The keystone to the doctrine of superior knowledge is the question of whether the Government in fact had a 'duty' to disclose its superior knowledge." (citation omitted). Defendant's view appears to be that the question of any duty to disclose is a "threshold question" that must be answered and, absent such a duty, the government is not liable, as a matter of law, even if all factors of a superior knowledge claim are established. Defendant, however, is attempting to expand existing precedent on superior knowledge.

The United States Court of Appeals for the Federal Circuit has stated that the government can be held liable for a breach of contract for non-disclosure of superior knowledge when:

(1) [The contractor] undert[ook] to perform without vital knowledge of a fact that affects performance costs or direction, (2)

the government was aware the contractor had no knowledge of and had no reason to obtain such information,[1] (3) any contract specification supplied misled the contractor, or did not put it on notice to inquire, and (4) the government failed to provide the relevant information.

*GAF Corp. v. United States*, 932 F.2d at 949 (alteration in *GAF* decision) (quoting *Lopez v. A.C. & S., Inc.*, 858 F.2d 712, 717 (Fed.Cir. 1988), *cert. denied sub nom. Eagle–Picher Indus., Inc. v. United States*, 491 U.S. 904, 109 S.Ct. 3185, 105 L.Ed.2d 694 (1989)); *see also AT & T Communications, Inc. v. Perry*, 296 F.3d at 1312; *Giesler v. United States*, 232 F.3d at 876. The first three of the four factors elaborated in *GAF Corporation* create a duty on the government to disclose its superior knowledge. The fourth factor addresses whether the government has breached that duty to disclose. If all four factors are present, the government can be found liable for a breach of contract under the doctrine of superior knowledge. Therefore, whether the government has a duty to disclose is not a "threshold question," independent of the above test; rather, determining whether the government should be subject to a superior knowledge inquiry for failure to disclose is determined by addressing the first three elements elaborated in *GAF Corporation*.

Defendant tries to rely on several cases to support its assertion that whether the government has any duty to disclose is a threshold question "separate and distinct" from the question of the scope of that duty. Defendant states that the Court of Federal Claims "specifically addressed this threshold question of 'duty'" in *McCormick Construction* and offers the following quotation:

> In order to prevail upon its superior knowledge claim, [the contractor] must demonstrate that defendant had vital information of some matter affecting contract performance, that defendant was aware [the contractor] needed this information which [the contractor] claimed was not obtainable, and that *defendant had an affirmative duty* to reveal its knowledge to [the contractor].

*McCormick Constr., Co. v. United States*, 18 Cl.Ct. at 265 (emphasis added by defendant). The court in *McCormick Construction* stated that the government must have an "affirmative duty" to reveal its knowledge. *Id.* However, review of the court's analysis reveals that this "affirmative duty" is determined by evaluating the first three factors of the superior knowledge doctrine. *Id.* at 266.

*McCormick Construction* involved a contract for the construction of three water wells. *See id.* at 260. The contractor sued for increased costs of performance incurred due to unanticipated, heavily bouldered conditions. *See id.* at 262. The contractor claimed that the government breached its duty to disclose by failing to inform bidders of the difficult drilling conditions and by failing to provide bidders with logs that indicated drilling penetration rates in the area. *See id.* at 265–66. The court, however, held that the government had no duty to disclose because: 1) the information in the logs was not vital; and 2) the contract specifications had placed the contractor on notice to inquire about difficult drilling conditions which would have been apparent from a site visit and, therefore, the contractor was not misled by the contract. *See id.* at 266. The court's first finding, that the information was not vital, is the first factor of the superior knowledge doctrine. The court's second finding, that the contractor was not misled, is the third factor of the superior knowledge doctrine.

---

1. The government will not be held liable for nondisclosure of information which the contractor could or should have known. Information known in a particular industry, for example, is considered knowledge that the contractor could or should know. *See GAF Corp. v. United States*, 932 F.2d at 949 ("The government had no reason to believe experienced asbestos producers lacked knowledge of the product's risk."); *Granite Constr. Co. v. United States*, 24 Cl.Ct. 735, 753 (1991) (The contractor had experience in the field of concrete drilling and should have known that drilling into a concrete dam with no knowledge of the amount of aggregate rock within was risky and experimental. Similarly, this element may not be satisfied if the information is reasonably available from other sources. *See McCormick Constr., Co. v. United States*, 18 Cl.Ct. 259, 266 (1989) (Drilling logs made available to plaintiff, together with a site visit, should have cautioned the plaintiff of the difficult drilling conditions.), *aff'd*, 907 F.2d 159 (Fed.Cir.1990) (table).

Contrary to defendant's contention, the court's analysis in *McCormick Construction* reveals that the court did not make a threshold inquiry into duty, but the court's logic followed the four factors elaborated in *GAF Corporation.* Defendant similarly cites, but misapplies the analysis in *Intercontinental Manufacturing Company v. United States*, 4 Cl.Ct. 591 (1984), and *Granite Construction.* The courts in both cases held that the government did not have a duty to disclose because the government had neither misled the contractors, nor did it possess special information that was unavailable to the contractors. *See Granite Constr. Co. v. United States*, 24 Cl.Ct. at 753 (The government was not liable for failure to disclose previous contractor difficulty in using a road header to drill concrete because it was within the plaintiff's expertise to know that a road header could not be used on concrete.); *Intercontinental Mfg. Co. v. United States*, 4 Cl.Ct. at 600 (The government was not liable for failure to disclose that prior contractors needed to use manual processing techniques because the conclusion that such techniques would be necessary, based on the specifications, was within industry knowledge.). Neither case inquired into the government's duty to disclose as a threshold question, as argued by the defendant.

■ In the present case, plaintiff alleged all four elements of the superior knowledge doctrine in its complaint: (1) the plaintiff undertook to perform without vital information related to development and flight test schedules, technologies, threats, missions, requirements and affordability; (2) the government was aware plaintiff did not possess the superior knowledge, because the information was based on prior government programs unavailable to plaintiff; (3) the contract specifications misled plaintiff into believing that the specifications were achievable; and (4) the government failed to provide the relevant information. If plaintiff establishes the truth of its allegations, then it will have established that the government breached the contract as to its responsibilities under the doctrine of superior knowledge.

■ For purposes of its motion to dismiss, defendant does not dispute the truth of any of plaintiff's factual allegations, but instead asserts two separate, albeit related, grounds as to why the government had no duty in this case to disclose superior knowledge of other programs to plaintiff. First, defendant contends that the compartmented nature of the programs "negated any implied duty to share information from other programs." Second, defendant argues that "there can be no implied duty requiring the government to disclose classified, compartmented information." In essence, defendant asks the court to create a compartmented programs or classified information exception to the doctrine of superior knowledge.

Defendant contends that a contract formed in an environment of deliberately compartmented programs negates any implied duty to share information from other programs. Defendant contends that a duty to share superior knowledge would nullify the government's efforts to separate weapons programs through compartmentalization and would be completely "at odds with the circumstances under which the contract was signed." Defendant further contends that under a contract with compartmented programs, it was plaintiff's burden to develop the TSSAM missile "within a securely compartmented program, and the doctrine of superior knowledge should not be used to disturb this allocation of burdens." According to the defendant: "Where, as here, a contract to design, develop, and produce the TSSAM missile was formed in an environment of compartmented programs, the contractor cannot retrospectively reshape the bargain by claiming that the Government was obliged to disclose classified technology from other secure, compartmented programs." (citations omitted). Defendant, however, cites no cases which have held that compartmented programs create an exception to the superior knowledge doctrine. Nor has the court found such a case.

In support of its argument, defendant relies on general statements from various court opinions, including *Petrofsky v. United States*, 222 Ct.Cl. 450, 616 F.2d 494 (1980), *cert. denied*, 450 U.S. 968, 101 S.Ct. 1488, 67 L.Ed.2d 618 (1981). In *Petrofsky*, the United States Court of Claims stated that "the

government is under no duty to volunteer information ... where the contract itself contemplates a certain means by which the information might be acquired ...." *Petrofsky v. United States*, 222 Ct.Cl. at 456, 616 F.2d at 497. This statement does not support defendant's argument to create a compartmented programs exception to the superior knowledge doctrine. A full reading of the quoted passage from *Petrofsky* reveals only that the court would impose no duty on the government to volunteer information which the contractor can "reasonably be expected to seek out himself." *Id.* The Court of Claims gave, as examples, situations in which the information could "readily be obtained from outside sources or where the contract itself contemplates a means by which the information might be acquired, such as by site investigation." *Id.* (citations omitted). A contract formed under an environment of compartmented programs does not provide "a certain means by which the information might be acquired," *id.*, rather, compartmentalization provides a means by which information is withheld.

Defendant also relies on cases which state that a fixed-price contract for an end-product specification normally leaves the burden of unanticipated costs on the contractor. *See, e.g., Piasecki Aircraft Corp. v. United States*, 229 Ct.Cl. 208, 222, 667 F.2d 50, 59 (1981); *Helene Curtis Indus. v. United States*, 160 Ct.Cl. at 443, 312 F.2d at 778; *Intercontinental Mfg. Co. v. United States*, 4 Cl.Ct. at 599. In *Helene Curtis*, however, the United States Court of Claims stated that this normal allocation of burdens does not excuse the government from liability if it breaches an independent duty to reveal information, such as under the superior knowledge doctrine:

> Where the Government has made no misrepresentations, has no duty to disclose information, and does not improperly interfere with performance, the fixed-price contractor of course bears the burden of unanticipated increases in cost; the Government can rightly rely on him to fulfill the agreement he chose to make. In the same way, an end-product specification normally leaves it to the contractor to perform as best he can, but that does not excuse the defendant from liability if it

breaches an independent duty to reveal data or if the end-product specification embodies a material misrepresentation misleading the contractor.

*Helene Curtis Indus. v. United States*, 160 Ct.Cl. at 443, 312 F.2d at 777–78 (citations omitted).

Defendant's second, and seemingly related, argument for dismissal is that there can be no implied duty requiring the government to disclose classified information. According to the defendant: "Even assuming for the sake of argument that the Government may have an implied obligation to share information in other contexts, the Government cannot be held to an implied, open-ended obligation, triggered simply by entering into one contract in one program, to disclose information from a number of other, highly classified programs."

Defendant argues that the United States Court of Claims recognized a classified information exception to the superior knowledge doctrine in *J.A. Jones Construction Company*. This court disagrees. In *J.A. Jones Construction Company*, the Court of Claims held the Air Force liable for failure to disclose its knowledge of a pending, high priority, federal construction program in the area that caused a local labor shortage and drove up plaintiff's labor costs. *J.A. Jones Constr. Co. v. United States*, 182 Ct.Cl. at 627, 390 F.2d at 893. Defendant relies on a footnote in the opinion wherein the Court of Claims stated that, "while some aspects of the Air Force's plans undoubtedly were classified, the evidence falls far short of proving that a general warning to plaintiff would have rent the security blanket." *Id.*, 182 Ct.Cl. at 627 n. 14, 390 F.2d at 893 n. 14. Defendant reasons that the Court of Claims held the government liable for breach of its duty to disclose superior knowledge because sharing of the classified information would not have "rent the security blanket." Therefore, according to the defendant, if sharing such information *would* "rent the security blanket," then the government is under no duty to disclose. This court, however, does not find support for defendant's reading. While *J.A. Jones Construction Company* involved

classified information, the Court of Claims focused on the issue of imputed knowledge among government agencies. The only mention in the Court of Claims' analysis to classified information comes in one line of a footnote, as quoted above. If the Court of Claims had intended to create such a critical exception to the superior knowledge doctrine, it would not have relegated the comment to a footnote, while spending the majority of the opinion on the issue of imputed knowledge. Moreover, the sentence in the footnote on which the defendant relies seems only to suggest that, in *J.A. Jones Construction Company*, a general warning would not have exposed secure matters. The *J.A. Jones Construction Company* court did not address how to handle a situation in which classified information is at issue. Defendant creates a classified information exception to the superior knowledge doctrine from a footnote in one case, when no such exception exists.

Defendant cites no cases which explicitly create a classified information exception to the superior knowledge doctrine. Nor has the court found cases to support such an exception. Plaintiff cites *McDonnell Douglas Corporation v. United States*, 27 Fed.Cl. 204 (1992), which addresses the issue of classified information and superior knowledge. The issue in the *McDonnell Douglas* opinion arose in the context of the defendant's motion for certification of an interlocutory appeal from an order by the court denying defendant's motion to dismiss. *See id.* at 205. The government's motion to dismiss in *McDonnell Douglas* was based on the exact same argument as raised by the defendant in this case, namely, that the government could not be held to a duty to disclose classified information. *See id.* In the *McDonnell Douglas* case, the defendant had relied on the same reading of *J.A. Jones Construction Company. See id.* The court in *McDonnell Douglas* concluded that in order to dismiss the superior knowledge claim on an RCFC 12(b)(6) motion, "the defendant must show as a matter of law that it could never have a duty to disclose superior knowledge if that knowledge were classified." *Id.* After considering the *J.A. Jones Construction Company* opinion in conjunction with the body of law on superior knowledge, the *McDonnell*

*Douglas* court concluded that the United States Court of Claims in *J.A. Jones* "clearly ruled that the Government had a duty to make *some* disclosure based upon its superior knowledge even though the basis for that knowledge was classified." *Id.* at 206 (emphasis in original). In denying defendant's motion to dismiss the superior knowledge claims, the *McDonnell Douglas* court held that: "Plaintiffs allege in essence that defendant allowed them to go astray; that defendant knew of the avalanche and did nothing.... We have held only that plaintiffs were entitled to prove that defendant knew of the impending avalanche and did nothing about it." *Id.* After a review of the *J.A. Jones Construction Company* case and the cases on superior knowledge, this court concurs with the decision in *McDonnell Douglas*. The defendant has not demonstrated any basis for this court to create or recognize a compartmented programs or classified information exception to the government's duty to disclose under the superior knowledge doctrine, nor has any court so held. Plaintiff will have its day in court on counts VIII and IX of its second amended complaint. Relevant and appropriate discovery on both counts shall proceed.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss Counts VIII and IX of the plaintiff's second amended complaint is **DENIED**. This decision does not address, or affect, the remainder of the plaintiff's fourteen-count second amended complaint, of which counts II, V, X, XI, XII, XIII, and XIV remain, as well as counts VIII and IX, following the dismissal of counts I, III, IV, VI, and VII in an earlier decision by the court.

**IT IS SO ORDERED.**