ROBERTSON, District Judge,
dissenting.
A person may recover damages from the United States for wrongful conviction and imprisonment under 28 U.S.C. § 1495 if he alleges and proves that his conviction has been “reversed or set aside on the ground that he is not guilty of the offense of which he was convicted ... as appears from the record or certificate of the court setting aside or reversing such conviction” and that he neither committed the acts charged nor negligently contributed to his own prosecution. 28 U.S.C. § 2513(a). The majority rejects Bolduc’s argument *166 that his § 1495 cause of action did not accrue until he was issued a certificate of innocence and affirms the dismissal of his suit as untimely, because “a certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment; it is merely a means of proving the underlying facts,” and because, on the day the district court in Wisconsin vacated Bolduc’s conviction, “the events [had] occurred which fix[ed] the liability of the Government and entitle[d][him] to institute an action.” Brighton Vill. Assocs. v. United States, 52 F.3d 1056, 1060 (Fed.Cir. 1995).
The record that is before this Court does not support that conclusion. It does not include the full record of Bolduc’s criminal case in Wisconsin. The June 11, 1999 district court order relied upon by the government merely indicates that an individual named William Kirkpatrick confessed to the bank robbery for which Bolduc was convicted and that the government “satisfied the court that Kirkpatrick did not have contact” with Bolduc. Gov’t Br. Supp. App. at 6. Those two propositions— (i) that someone else confessed to the crime (ii) who did not have contact with Bolduc—do not necessarily exclude Bolduc from criminal liability for the robbery or foreclose the possibility of a new trial. The stated reason for the order vacating Bolduc’s conviction, indeed, was not his innocence—that was not certified by the district court until several months later— but “the discovery of new evidence.” Gov’t Br. Supp. App. at 7.
It may well be that, if the complete record of the Wisconsin court were before us, it would clearly “appear” that Bolduc’s conviction was reversed “on the ground that he [was] not guilty of the offense of which he was convicted,” but that record is not before us. Because the statute of limitations is a jurisdictional matter in the Court of Federal Claims, the government had to refute “any possible basis on which [Bolduc] might prevail,” and it failed to do so. W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed.Cir.1988); see also BMR Gold Corp. v. United States, 41 Fed.Cl. 277, 282 (Ct.Cl. 1998) (motion to dismiss on statute of limitations grounds denied when the limited facts before the court suggested a “possible basis upon which [plaintiff] might prevail on [his] argument that the claim ... was timely filed”).
I would reverse.